PACIFIC MUTUAL LIFE INSURANCE COMPANY OF CALIFORNIA v.
CLARA WILLIAMS ET AL.

No. 3009.

1. **Service Upon Foreign Insurance Company by Delivery of Citation to Agent.**—Service upon a foreign insurance company by delivery of citation to its agent within the State is sufficient to support judgment by default.

2. **Agency.**—Testimony held sufficient to support the finding of agency as a fact, over the affidavits denying the agency made by the agent and its manager for the State. Sugg v. Thornton, 73 Texas, 666.

3. **Payment of Premium by an Order or Draft.** — The petition and policy showed that it had been issued in consideration of an order for $15 by the insured on his employer, and that part had been paid and that all would have been paid but for negligence of the insurance company in failing to collect it. An answer in a motion to open a default should show that the insured had no funds against which to draw, to negative payment of the premium.

4. **Insurable Interest.**—The want of insurable interest can not be urged by an insurance company as defense in a suit on the policy by the beneficiary named in it. The person named by the assured and insurer in the policy as the person to whom the sum secured by the policy shall be paid may maintain an action on the policy without reference to the interest of such person in the life of the assured.

5. **Same.**—The fact that the beneficiary named in the policy may recover against the insurance company, and is entitled to do so, does not cut off an inquiry between the holder and the legal representatives or heirs of the insured as to whether such holder had an insurable interest.

APPEAL from Galveston. Tried below before Hon. Wm. H. Stewart. The opinion contains a statement.

*Willie, Mott & Ballinger,* for appellant.— 1. The court erred in overruling the motion to set aside judgment by default, because the trial had not been delayed. There was an affidavit setting up a meritorious defense and a showing by way of excuse for failure to plead in time. Foster v. Martin, 20 Texas, 122; Janes v. Langham, 33 Texas, 607; Dowell v. Winters, 20 Texas, 797.

2. The court erred in holding the service upon Blagge & Bertrand or H. W. Blagge as sufficient upon which to base a judgment by default. They were not agents as a matter of fact nor as a matter of law. Rev. Stats., arts. 2946, 2952.

3. The court erred in rendering a judgment by default and in refusing to set the same aside, because the petition set up no cause of action, in that plaintiff had no insurable interest in the life of the assured as appeared on the face of the petition. Price v. Kts. of Honor, 68 Texas, 362, and authorities.

*Jas. B. & Chas. J. Stubbs,* for appellees.— 1. The court did not err in overruling the motion to set aside the judgment, because:

(1) The trial would have been delayed by granting it. Defendant

could not have been required to appear and defend until the next term. Rev. Stats., art. 1243; Jones v. Jefferson, 66 Texas, 576; York v. The State, 73 Texas, 652; Sam v. Hochstadler, 76 Texas, 162.

(2)   The motion did not set up a meritorious defense or show that the judgment was unjust.   The case of Foster v. Martin, 20 Texas, 122, states the familiar rule that the motion to set aside a default judgment is in the nature of a motion for a new trial, and should be brought substantially within the rules governing the granting of new trials.   It should be made within the time prescribed, and should show a sufficient excuse for the failure to appear and make defense within the time allowed for pleading. A meritorious defense must be shown, and it should be refused when asked in order to let in the defense of the statute of limitations or "a mere legal defense not founded in equity and justice."

In Dowell v. Winters, 20 Texas, 794, the same principles are announced. See also Cochrane v. Middleton, 13 Texas, 275.

Our Supreme Court has held in cases in which there was no service, or the service was illegal, upon the application of the defendant to have the judgment vacated, that the judgment should not be disturbed unless the applicant showed to the satisfaction of the court that a different result. would probably be reached if the case was reopened.   In other words, the effect of the decisions is when the defendant appears for the purpose of moving to set aside the default he submits himself to the jurisdiction of the court, and to entitle him to the relief asked it is not sufficient for him to show that the service on him was defective or that he was not served at all, but he must also show that if allowed a rehearing he could present. a good defense to the action, and that he would probably defeat the suit.. Schleicher v. Markward, 61 Texas, 99, and cases cited; Contreras v. Haynes, 61 Texas, 103; Sharp v. Schmidt, 62 Texas, 265; Vardeman v. Edwards, 21 Texas, 737; Masterson v. Ashcom, 54 Texas, 329; House v. Collins, 42 Texas, 493.

(3)   The service of citation was valid, because the person served was. a local agent of defendant in Galveston County.   Morrison v. Ins. Co., 69 Texas, 353; Ins. Co. v. McGregor, 63 Texas, 399; Bradstreet Co. v. Gill, 72 Texas, 115; Simmons v. Kauffman & Runge, 77 Texas, 131; Augustine v. The State, 20 Texas, 452; May on Ins., 126, 158; Ins. Co. v. Ruckman, 127 Ill., 364; Pitney v. Ins. Co., 65 N. Y., 6; Ins. Co. v. Kinmer, 28 Gratt., 88; Viele v. Ins. Co., 26 Ia., 9; Carroll v. Ins. Co., 40 Barb., 292; Ins. Co. v. Hayden, 13 S. W. Rep., 586, 587.

2.   We object to the consideration of the third assignment, claiming that the petition does not show that plaintiff had an insurable interest in the life of the assured, because no such position was taken in the court below, and it is too late to raise the question for the first time on appeal. Petty v. Cleveland, 2 Texas, 405; Sharp v. Schmidt, 62 Texas, 266; Cannon v. Cannon, 66 Texas, 682.

Clara Williams being a cousin of the assured, as such had an insurable interest in his life.   Schonfield v. Turner, 75 Texas, 324; Ins. Co. v. Hazlewood, 75 Texas, 338; Ins. Co. v. Schaefer, 94 U. S., 460.

STAYTON, CHIEF JUSTICE. — This is an action on an accident policy obtained from appellant company by Henry McDonald and made payable to Clara Williams.   McDonald was a train porter, and accidentally killed during the term covered by the policy.

The petition alleged that the consideration for the policy was "an order given by Henry McDonald to defendant, and accepted by it, and which was addressed to W. L. Maury, auditor of the International & Great Northern Railroad, requesting him to pay to defendant or its agent the total sum of $15 in monthly installments of $3.75 each, payable out of moneys due or to become due said McDonald by the said International & Great Northern Railroad Company."

A copy of the policy is annexed to and made a part of the petition, and recites that defendant "in consideration of the warranties in the application for this insurance and of an order, payable by installments, on the International & Great Northern Railroad Company for $15, does hereby insure Henry McDonald," etc.

Plaintiff further alleged that the "order was partially paid, and that defendant could have collected it in full but for its own negligent failure so to do."

The policy contained the following words: "To be paid to Clara Williams (cousin) if surviving;" and the petition alleged that H. W. Blagge and F. O. Bertrand, comprising the firm of Blagge & Bertrand, were the local agents of the company in the county in which action was brought, and that plaintiff was the cousin of McDonald.

The citation, issued September 19, 1890, commands the sheriff to summon "The Pacific Mutual Life Insurance Company of California, if to be found in your county, by serving it with a copy of this writ," etc. The return of the sheriff is that he "executed the writ by serving the within named defendant, the Pacific Mutual Life Insurance Company of California, with a true copy of this writ by delivering a true copy of this writ to H. W. Blagge, agent of said defendant company, in person, in Galveston County."

October 15, 1890, judgment was rendered in favor of Clara Williams for the sum of $1590, etc., by default, the judgment reciting that defendant was duly served with process.

October 30, 1890, the Pacific Mutual Life Insurance Company of California filed its motion to set the default aside, setting up under oath that neither Blagge & Bertrand nor H. W. Blagge were or was agent of the company at the time of the alleged service; that no notice or knowledge of the suit was had by the defendants, its agents or officers, until after

default had been taken; that it had valid, meritorious, and legal defenses to the action; but the only defense set up in the motion was "that the policy of insurance upon which this action is brought had at the time of the death of the insured and long prior thereto lapsed and become void by reason of the failure of the insured to pay premiums on said policy as agreed upon, and hence this defendant was relieved of its obligation thereunder."

The policy was to run twelve months from noon of March 2, 1889, and the petition alleged that McDonald was accidentally killed on September 20, 1889.

The motion to set aside the judgment was sworn to, and many affidavits were filed by the respective parties and heard by the court as to whether Blagge was the local agent of the company at the time citation was served on him, but after hearing these the court overruled the motion.

It is urged that the court erred in holding that service on Blagge was sufficient, and erred in not setting aside the judgment by default, appellant having set up a meritorious defense and given an excuse for failure to answer.

The judgment overruling the motion to vacate the judgment does not show on what the court below based its action, but the inference from the bill of exceptions is that he held that Blagge was the local agent of appellant at the time citation was served on him.

The evidence tending to show that Blagge was not such agent consists of the affidavits of S. M. Marks, assistant secretary of the company, W. R. Haile, its "southwestern manager," and of Blagge. The affidavits of the last two seem to be based largely on the technical fact that Blagge & Bertrand had not executed an approved bond and had not been formally commissioned, but there was much evidence showing repeated statements by those persons that Blagge & Bertrand were the local agents of appellant at and before citation was served on Blagge.

While the agency could not be proved by the declarations of Blagge & Bertrand, the evidence offered was sufficient to discredit the statements of Haile and Blagge, if believed by the court to be true.

The affidavit of the assistant secretary was simply a denial of the agency.

The opposing evidence consisted of proof that the company had furnished Blagge & Bertrand with an outfit of stationery and books, among the stationery being policies signed in blank by the proper officers of the company; of evidence that Haile had directed a person thinking of taking insurance to Blagge & Bertrand as the agents of the company. He had conversation with attorneys for appellees prior to the action, knew it would be brought, and informed them that Blagge & Bertrand were the local agents. Before the action was brought, on application for blank application and policy to make exhibits to the petition the former were furnished by Blagge & Bertrand to counsel for appellant, but the latter

were refused, because the policies were numbered and signed and would have to be accounted for by them; but they proposed to issue to the attorney a policy if he desired it. Haile appointed other agents in the same county without bond, and issued to them no commission, but directed them to commence business at once, and subsequently recognized the agency.

The evidence standing thus, we would not be authorized to set aside a finding that Blagge & Bertrand were agents of the company at the time citation was served, and the parties, having elected thus to try their motion on the facts, must abide the result. Sugg v. Thornton, 73 Texas, 666.

If it was necessary to show a meritorious defense, had the court found that Blagge was not the local agent, in order to entitle appellants to have the judgement vacated, it would be difficult to hold that the motion showed any defense, either technical or meritorious.

There was a general averment that the company had legal and valid defenses, but none were stated other than that heretofore set out.

The petition and policy made an exhibit showed that the latter was issued in consideration of an order delivered by McDonald on his employer, which the latter undertook to collect, and it was alleged that it was partly paid and that the balance would have been if the company had not negligently failed to collect it.

Under this state of pleading an answer which did not state that the failure to collect resulted from the fact that McDonald had no funds in the hands of his employer to meet the several monthly payments would not have presented a defense.

It is not necessary in this case, however, to decide whether it would have been incumbent on appellant had the court below found that Blagge was not its agent to show a meritorious defense to entitle it to have the judgment set aside.

It is now urged that the court below erred in rendering a judgment by default and in refusing to set it aside, "because the petition set up no cause of action, in that plaintiff had no insurable interest in the life of the assured, as appears on the face of the petition."

No such question was raised on the motion to vacate the judgment; but if notwithstanding this we consider this matter, as the court below might have done on general demurrer, we do not see that the petition did not state a cause of action.

The question thus raised is not one of ultimate right to the money to be recovered, but of right of appellee to maintain this action; and it has been held in many cases under policies like that involved in this case that the person named by the assured and insurer in the policy as the person to whom the sum secured by the policy shall be paid may maintain an action on the policy without reference to the interest of such person in the life of the assured. Ins. Co. v. Baum, 29 Ind., 240; Ins. Co. v. Rogan, 80

Ill., 39; Campbell v. Ins. Co., 98 Mass., 389; Fairchild v. Ins. Co., 51 Vt., 625; Forbes v. Ins. Co., 15 Gray, 255.

In Insurance Company v. Baum it was said: "It is not for the insurance company, after executing such a contract and agreeing to the appointment so made, to question the right of such appointee to maintain the action.   If there should be a controversy as to the distribution among the heirs of the deceased of the sum so contracted to be paid, it does not concern the insurers.   The appellant contracted with the insured to pay the money to the appellee, and upon such payment being made it will be discharged from all responsibility.   So far as the insurance company is interested the contract is effective as an appointment of the appellee to receive the sum insured."

The fact that Mrs. Williams may recover against the insurance company, and is entitled to do so, does not cut off an inquiry between her and the legal representatives or heirs of the insured as to whether she had an insurable interest.

There is no error in the judgment and it will be affirmed.

*Affirmed.*

Delivered February 20, 1891.

Motion for rehearing refused.

*Willie, Mott & Ballinger,* for motion.