FREDERICK FOX, EXECUTOR, in equity

*vs.*

ELIZABETH P. SENTER and others.

Cumberland.    Opinion April 6, 1891.

*Will.    Life Insurance.    Devise.    Life Estate.*

A devise of the use of all the testator's property, real and personal, to the widow for life, no reason to the contrary being shown, gives her the custody and control of the same; and it should be inventoried and paid to her for use under the terms of the will.

A solvent testator, leaving a widow, may dispose of life insurance, by will, to persons other than his widow. Policies, payable by their terms to the testator's legal representatives, if specifically devised by the will become a part of his estate and not the property of the widow; but where it is clear that he intended by his will, to dispose of his entire property, including the life insurance as a part of his estate, *Held*; that the widow will take the life insurance, specifically devised in general terms to her use for life, as effectually as if the insurance had been specifically named in the will.

ON REPORT.

This was an amicable bill in equity, heard on bill and answer, brought by the plaintiff, as executor of the will of William Senter, of Portland, deceased, to determine the disposition of moneys received by the executor upon policies of life insurance on the life of said Senter.

The answer contained an express admission of the several averments of the bill, and submitted the determination of all questions involved to the judgment of the court thereon.

The questions submitted are as follows :—

" First.    Shall your orator consider the money, or any portion thereof by him received as executor of the will of William Senter, of said several life insurance companies, or any one of said companies, and account therefor as a portion of the

estate of William Senter? or shall the same, in whole or in part, be adjudged as the sole property of Elizabeth P. Senter, widow of William Senter, under and by force of Section 10, Chapter 75, of the Revised Statutes?

"Shall the premiums paid by William Senter, within three years from his death with interest make a part of his estate?

"Second.    If said insurance money is adjudged to be a portion of the estate of William Senter, and upon the death of Elizabeth P. Senter to descend by the terms of his will one third to the heirs of Elizabeth P. Senter, and two thirds to the heirs of William Senter as therein mentioned, shall your orator retain said fund in his hands the use of the same to be paid by him to Elizabeth P. Senter during her life, or shall said insurance money be delivered to her, she to have the use and control thereof during her life?"

The terms of the will, and other facts, are sufficiently stated in the opinion.

*Frederick Fox, pro se.*

The contract of insurance, or the will, must show what has been, or is to be done with the money.    Failing these, it goes under the statute, in this case, to the widow; and no portion, excepting the last three premiums with interest, shall be taken for debts, nor constitute a part of his estate.    R. S., c. 75, § 10. No more can it be taken for legacies unless so appropriated by the testator.    Policies, except perhaps one, the Union Mutual, do not show any particular appropriation and must be controlled by the statute, unless testator has directed their disposition by his will, or the words in the Union Mutual "for the use and benefit of my estate," specially divert that amount in another direction.    The statute says, money obtained from life insurance may be disposed of by will although the estate is insolvent. Is not the meaning of this, that money so received shall be disposed of by will, otherwise it shall descend to the widow, &c? How can it be disposed of by will unless the testator designates it as money from life insurance?    Testator makes a distinction as to whom his remaining property shall descend, but none as to the property itself.    Can "property" mean life insurance

money? Does it pass by will under the name of "property" when it does not come into existence until proof of death, and when the statute says it shall not be taken as part of his estate? "Estate" held, under certain circumstances, not to include "rights and credits." *Longfellow* v. *Patrick*, 25 Maine, 18.

*Symonds and Libby*, for defendants.

Testator has expressly made the funds arising from his insurance a part of his estate, and then disposes of all his estate by will. Unless the court is to hold to the technical doctrine that life insurance money must be mentioned in terms in a will in order to be disposed of by the will, a doctrine that would defeat justice and prevent the actual intent of testators from taking effect, and would do this unnecessarily, we submit that, under the circumstances disclosed, the terms of this will make it sufficiently clear that Mr. Senter intended to give the income and use of the life insurance fund to his widow for life, and then to have the principal divided as part of his estate under the terms of his will. If such was Mr. Senter's intent, reasonably and clearly shown from the will, as a whole, and all the facts of the situation, we submit it should not be defeated because he failed to express it in specific terms. It seems to us that Mr. Senter's intent is easily and clearly gathered from all the facts of the situation; and that he intended his widow to have the use of the money arising from the life insurance policies, together with the other property mentioned in the will, during her life, and her heirs one third and his heirs two thirds of it upon her death; and that any other construction would be doing violence to the will and would be a departure from the intent of the testator. It is true, that the life insurance money is not expressly mentioned in the will, but there was no occasion for it. He supposed he had made the funds, arising from the insurance, a part of his estate; and that his will had disposed of them together with the other portions of his estate.

HASKELL, J.    William Senter died solvent leaving thirty or forty thousand dollars, exclusive of life insurance amounting to eleven thousand one hundred and eighty-six dollars and twenty

cents. He left a widow and no children. He bequeathed to charity twenty-five hundred dollars, and devised the use of all "the remainder" of his·property, a house in Portland inventoried at five thousand dollars, being his only real estate, to his widow during life, and at her decease the "remaining property," one third to her heirs and two thirds to his heirs; and the question is who takes the life insurance?

I. It is settled law, that a solvent testator, leaving a widow, may dispose of life insurance, by will, to persons other than his widow. *Hamilton* v. *McQuillan,* 82 Maine, 204.

II. The insurance policies were payable to his legal representatives; and one policy specifies, "for the sole use and benefit of his estate." It is clear that he intended to give his widow, now well-advanced in years, the use of his entire property, including life insurance, save the small bequest to charity, to secure to her a continued home, where, for so many years, they had happily dwelt together. There were no debts, and the intent seems so plain that the testator meant to dispose of the life insurance, by will, as a part of his property, that it must be held to have been specifically devised in general terms, as effectually as if specifically named in the will.

III. The devise of the use of all the property, real and personal, to the widow, no reason to the contrary being shown, gives her the custody and control of the same, and it should be inventoried and paid to her for use under the terms of the will. *Starr* v. *McEwan,* 69 Maine, 334.

> *Decree accordingly. Expenses to be paid out of the estate.*

WALTON, VIRGIN, LIBBEY, EMERY and WHITEHOUSE, JJ., concurred.