WILKE v. FINN et al.

No. 1184—5515.

Commission of Appeals of Texas, Section B. June 10, 1931.

Wagner & Wagner and Tamp W. Grobe, all of Houston, for plaintiff in error.

Vinson, Elkins, Sweeton & Weems, Samuel Schwartz, Heidingsfelder & Kahn, and Hunt & Hunt, all of Houston, for defendants in error.

RYAN, J. -

The Metropolitan Life Insurance Company, on December 31, 1923, issued to Herman Finn a policy of life insurance in the sum of $1,500, in which Fred Wilke was named the beneficiary.

Wilke was not related to Finn, the insured, either by blood or marriage; neither was he a creditor of the insured.

Finn died on February 15, 1927, having theretofore regularly paid the premiums on the policy; Wilke, the beneficiary, never paid any of such premiums or part thereof, and did not know that the policy had issued until some time during the year 1925.

H. B. Finn, Jr. (a cousin of the insured), was appointed and qualified as administrator of the latter's estate, and on June 6, 1927, brought this suit for the proceeds of the policy against the insurance company and Wilke, the named beneficiary.

The insurance company admitted liability, deposited $1,500 in the court's registry, and, on allegations of interpleader because of conflicting claims to such proceeds, prayed for its costs, including attorney's fees.

Fred Wilke claimed the proceeds of the policy as the beneficiary named therein.

Upon trial before the court, without a jury, judgment was rendered against the administrator and in favor of Wilke for $1,350, proceeds of the policy, after allowing the insurance company the sum of $150 for its costs, including attorney's fees; the insurance company was discharged from all further liability, and all costs of court were adjudged against the administrator.

The Court of Civil Appeals reversed the judgment in favor of Wilke, and rendered judgment in favor of the administrator for the proceeds of the policy, as tendered into court, less the amount of the attorney's fee awarded to the insurance company, and affirmed the judgment in favor of the company. 16 S.W.(2d) 922.

The case is now before us, (a) on complaint of Wilke that the Court of Civil Appeals erred in rendering judgment for the administrator, his contention being that the deceased had an insurable interest in his own life, which he could legally insure for the benefit of any person whom he saw fit to name as beneficiary; and (b) on complaint of the administrator that the Court of Civil Appeals erred in sustaining the judgment of the court below in allowing the insurance company to recover its attorney's fees and costs out of the proceeds of the policy, and in refusing to tax such attorney's fees and costs against said Wilke, or allow a recovery over against him therefor.

■■ In some jurisdictions it is held that every person has an insurable interest in his own life, and that he may insure it for the benefit of any person whom he sees fit to name as beneficiary, irrespective of whether such beneficiary has an insurable interest in his life or not (14 R. C. L. p. 920), and it was so contended in Equitable Life Ins. Co. v. Hazlewood, 75 Tex. 338, 12 S. W. 621, 625, 7 L. R. A. 217, 16 Am. St. Rep. 893, but this is not the rule in this state. Our courts have uniformly held that it is against the public policy of this state to allow one to be the owner of a policy of insurance upon the life of a human being in whom he has no insurable interest.

As said by Judge Henry in Equitable Life Ins. Co. v. Hazlewood, supra:

"The doctrine is well settled by the weight of authority that a person not having an insurable interest in the life of another cannot take and hold by an assignment a policy upon the life of such other person, and that a creditor can only take and hold such a policy, by assignment, to an extent sufficient to secure his debt. Cammack v. Lewis, 15 Wall. 643 [21 L. Ed. 244]; Warnock v. Davis, 104 U. S. 782 [26 L. Ed. 924]; Price v. Knights of Honor, 68 Tex. 361, 4 S. W. 633.

"It is contended by appellee that every person has an insurable interest in his own life, and that when he is the actor he may take out an unlimited amount of insurance upon his own life, and make it payable to whoever he may please, as beneficiary, without regard to such person's having an insurable interest in his life. * * *

"The only distinction we can see in any case between the assignment of a policy taken by a person on his own life to one having no insurable interest, and the designating such person, without insurable interest, in the original transaction as the beneficiary, is that the insurer may not know of the assignment, but would necessarily be aware of the designation in the policy.

"So far as the question of public policy is concerned, we can see no substantial distinction between the two proceedings; and, if one is invalid, it seems to us the other ought to be held equally so.

"An assignment of a valid policy to one having no insurable interest in the life insured does not invalidate the policy. The assignee may collect and apply the proceeds, if

he is a creditor, to the extinguishment of his own debt, and such sums as he may have disbursed for the purpose of keeping the policy alive; and the surplus may be collected for the benefit of the heirs of the person whose life was insured.

"We see no reason why the same rule may not be applied to a person designated in the policy as the beneficiary, treating him, when he has no insurable interest, as an assignee, appointee, or trustee, to receive the proceeds for whoever may be lawfully entitled to enjoy them. The insurer will then be required to pay the sum it has promised to pay, and the money cannot be appropriated by anybody not having a legitimate right to it."

Judge Gaines, in Goldbaum v. Blum, 79 Tex. 638, 15 S. W. 564, 565, said:

"In order to make a valid contract of insurance upon the life of one person for the benefit of another the beneficiary must have an interest in the life insured. When the person for whose benefit the policy is issued has no insurable interest, the contract is held illegal, upon two grounds: First, because it is against public policy to enforce a contract which makes it to the interest of one person to bring about the death of another; and, second, because it is in the nature of a wager.

"As to the ground of the illegality, however, the courts are not in accord. Some place it upon the one ground, and some upon the other. There is a conflict of authority as to application of the doctrine of the invalidity of contracts of insurance for want of an insurable interest, and this conflict probably arises from the difference of opinion as to the underlying principle. All agree that A., having no insurable interest, may not take out a policy on the life of B. Some courts even hold that B. may not insure his own life and make the policy payable to A. But, the weight of authority, at least in this country, being the other way, this court has adopted the contrary doctrine. Insurance Co. v. Williams, 79 Tex. 633, 15 S. W. 478.

"But if B. may insure his own life, and make the policy payable to A., so that A. may recover of the insurer, it does not follow that A. may retain the money as against the legal representatives of the insured. Without deciding the question it is sufficient for our purpose to say in this connection that the recent decisions of this court tend to support the negative. Price v. Knights of Honor, 68 Tex. 361, 4 S. W. 633; Schonfield v. Turner, 75 Tex. 324, 12 S. W. 626, 7 L. R. A. 189; Ins. Co. v. Hazlewood, 75 Tex. 338, 12 S. W. 621, 7 L. R. A. 217, 16 Am. St. Rep. 893; Lewy v. Gilliard, 76 Tex. 400, 13 S. W. 304."

Judge Brown, in Cheeves v. Anders, 87 Tex. 287, 28 S. W. 274, 275; 47 Am. St. Rep. 107, announced the following principles:

"It is against the public policy of this state to allow any one who has no insurable inter-

est to be the owner of a policy of insurance upon the life of a human being. Price v. Knights of Honor, 68 Tex. 361, 4 S. W. 633; Schonfield v. Turner, 75 Tex. 329, 12 S. W. 626, 7 L. R. A. 189; Ins. Co. v. Hazlewood, 75 Tex. 351, 12 S. W. 621, 7 L. R. A. 217, 16 Am. St. Rep. 893.

"In some states it is held that an element of wagering likewise enters into such contracts, which has led, as we believe, to inconsistencies in the decisions in some of the courts. Our court has placed the inhibition against such contracts upon the higher and sounder ground that the public, independent of the consent or concurrence of the parties, has an interest that no inducement shall be offered to one man to take the life of another. Making this the test in every phase of such cases, there can be no inconsistency in our decisions, and the public good will be better guarded.

"Applying this salutary rule, the conclusion has been reached by our court that such policy cannot be beneficially owned by any one not interested in the life insured, whether the policy be taken out in the first instance by the non-interested party, with or without the consent of the insured, or whether he acquired the policy by assignment from the person whose life is insured, or from another who had an insurable interest.

"A man may insure his own life, making the policy payable to his legal representatives, and afterwards assign it to any one, or he may procure such policy, and make it payable to any person that he may name; but in either case, if the person to whom it is assigned or who is named in the policy has no insurable interest, he will hold the proceeds as a trustee for the benefit of those entitled by law to receive it. Price v. Knights of Honor, and Schonfield v. Turner, cited above.

"The law permits one who is interested in the life of another to become the owner of insurance upon the life of such other person, either by contracting with the insurance company, or by contract made by the party whose life is insured, or by assignment of the policy after it is issued. If, however, the interest is of a definite character, as that of a creditor of the insured, or of one who may, from the life of the insured, reap some pecuniary advantage of a definite nature, the interest of the holder of such policy will be limited to the amount of such liability at the death of the insured, together with such amount as he has paid to preserve the policy, with interest thereon, and the remainder will be given to the estate of the party insured. Price v. Knights of Honor, 68 Tex. 361, 4 S. W. 633; Goldbaum v. Blum, 79 Tex. 638, 15 S. W. 564; Schonfield v. Turner, 75 Tex. 324, 12 S. W. 626, 7 L. R. A. 189; Ins. Co. v. Hazlewood, 75 Tex. 338, 12 S. W. 621, 7 L. R. A. 217, 16 Am. St. Rep. 893. If the inter-

est of the policy holder should cease before the death of the insured, as if the debt should be paid and premiums advanced, then the whole of the policy will go to the estate of the insured.

"When an insurance company has issued a policy upon the life of a person, payable to one who has no insurable interest in the life insured, or when a policy has been assigned to one having no such interest, the insurance company must nevertheless pay the full amount of the policy, if otherwise liable, because it has so contracted; and it is no concern of the insurer as to who gets the proceeds, except to see that it is paid to the proper parties, under its agreement. It is simply required to perform its contract, and the law will dispose of the money according to the rights of the parties. Ins. Co. v. Williams, 79 Tex. 637, 15 S. W. 478, and authorities cited."

Fletcher v. Williams (Tex. Civ. App.) 66 S. W. 860, 861 (writ of error denied), is cited as being in conflict with the above cases. The facts are entirely different, and there is no conflict. Fletcher took out a policy of insurance, payable to his father, if living, at his death, and, if not so living, payable to his executors, administrators or assigns. After the father's death, Fletcher executed an instrument containing this clause: "And I hereby will and direct that in case of my death the benefit of policy No. 65,481, amounting to $1,500, together with all dividends that may be due thereon, be paid in full to my benefactress, Mrs. Ellen Rice Williams."

This instrument was delivered to Mrs. Williams, who kept possession thereof until after Fletcher's death, when it was probated as his last will and testament, and she claimed and recovered the proceeds through the administration of Fletcher's estate and subject to payment of Fletcher's debts.

As said by Chief Justice Connor in that case: "There is a clear distinction in the authorities between policies of insurance payable to a designated beneficiary, and those made payable to the 'executors or administrators' of the insured. The proceeds of policies of the latter class become part of the estate of the insured at his death, and, in our judgment, may, as in case of other property, be disposed of by will, as is expressly held in the following authorities: Page, Wills, § 136; Golder v. Chandler, 87 Me. 63, 32 A. 784; Fox v. Senter, 83 Me. 295, 22 A. 173; Stoelker v. Thornton, 88 Ala. 241, 6 So. 680, 6 L. R. A. 140."

■ Because Fred Wilke, the beneficiary, was not related 'by blood or marriage to the insured, and had no interest in the policy and no claim thereto, except the naked fact that he was named beneficiary, and had no reasonable expectation of pecuniary benefit or advantage from the continued life of the insured, he had no insurable interest in the life of Herman Finn, deceased, and the trial court erred in awarding him judgment on the policy as against the administrator.

■■ We agree with the Court of Civil Appeals in its finding that the trial court did not err in awarding costs, including attorney's fees, to the insurance company. The company at all times admitted its liability under the policy, but did not know to whom to pay the proceeds. Wilke was the named beneficiary, and ordinarily would be entitled to collect, even though only as trustee; the administrator had served notice on the company not to pay Wilke, and both were claiming the fund. As found by the Court of Civil Appeals: "The facts of the case were such as to place it in real doubt or hazard in deciding between the conflicting claims, and in refusing to pay appellant it acted in the utmost good faith. It was in the position of a stakeholder, and therefore entitled to the remedy of interpleader."

Such a stakeholder of a fund claimed by different parties is entitled to his costs and reasonable attorney's fees where his refusal to pay either of the conflicting litigants is in good faith, and liability is not denied. Nixon v. Malone, 100 Tex. 250, 98 S. W. 380, 99 S. W. 403; Times Herald Printing Co. v. St. Paul Sanitarium (Tex. Civ. App.) 175 S. W. 1121; Pulkrabeck v. Griffith & Griffith (Tex. Civ. App.) 179 S. W. 282; Beilharz v. Illingsworth, 62 Tex. Civ. App. 647, 132 S. W. 106.

■ The net proceeds of the policy, or sum due thereunder by the company, therefore amounted to $1,350 (after allowing $150 attorney's fees to the company on its interpleader), and this was awarded to the administrator by the Court of Civil Appeals and all costs "in this behalf expended" taxed against Wilke.

It was proper to so order, instead of taxing the $150 as costs of court. McCormick v. Bank (Tex. Civ. App.) 106 S. W. 747; Grand Lodge v. Cleo Lodge (Tex. Civ. App.) 189 S. W. 764; Bolin v. Ry. Co. (Tex. Civ. App.) 61 S. W. 444.

■■ We are not called upon to pass upon the question whether in this suit the administrator would have been entitled to judgment over against Wilke for the amount of the attorney's fees ordered to be deducted by the insurance company out of the fund, because there is no pleading on which such recovery may be based. It is elementary that all recoveries must be based upon proper pleadings.

The administrator's suit was against both the insurance company and Wilke, but the primary recovery was sought against the company. In Wilke's answer he claimed the fund.

The court found that the fund, payable by the company, amounted to $1,350. The com-

pany's answer alleged by way of interpleader and cross-action that it was a stakeholder in good faith, had deposited the full amount of the policy in the registry of the court, and prayed that the administrator and Wilke be cited to answer thereto, for judgment discharging it from liability, and it be allowed reasonable attorney's fees and expenses.

In answer to such interpleader, the administrator prayed that the company be denied the relief prayed for, and that he recover as in his original petition prayed, and that Wilke be denied any recovery on the policy, and, in addition, for judgment against Wilke for the sum of $672, alleged to have been loaned him by the insured many years before, and never repaid, but this was barred by limitations, and passed out of the case.

There was no cross-action, and no prayer over by the administrator against Wilke for the recovery of whatever attorney's fees and expenses the court might find allowable to the company and deductible from the amount of the policy. It is true that there is a prayer against Wilke "for all costs in this behalf expended," but that refers to what is properly considered court costs and not to deductible attorney's fees and expenses payable, at least primarily, out of the fund, and not recoverable as costs of court.

There being nothing in the pleadings to show that the administrator sought such relief and was denied the same, we cannot pass upon the question. Williams v. Simon (Tex. Civ. App.) 235 S. W. 257.

The Court of Civil Appeals correctly disposed of the case, and we recommend that its judgment be affirmed.

CURETON, C. J.

Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.