## SOUTHERN LIFE & HEALTH INS. CO. v. RAMIREZ.

### No. 3339.

Court of Civil Appeals of Texas. El Paso.

March 26, 1936.

A. H. Lumpkin, of San Antonio, for appellant.

J. R. Cade, of San Antonio, for appellee.

HIGGINS, Justice (after stating the case as above).

■ Complaint is made as to the submission of the issue concerning the statement relating to disease of the lungs. The issue inquired whether an untrue statement in that connection was willfully made. Appellant presents the point that a material misrepresentation is a defense without the necessity of proving the misrepresentation was willfully made. This theory is untenable under the ruling in American Central Life Ins. Co. v. Alexander (Tex.Com.App.) 56 S.W.(2d) 864, 865, where it was held that a misrepresentation or breach of warranty by the insured will not avoid a life insurance policy unless it was willful or made fraudulently with intent to deceive. The same ruling was made in Colorado Life Co. v. Newell (Tex.Civ.App.) 78 S. W.(2d) 1049, in which a writ of error was refused.

These authorities refute the appellant's theory that a misrepresentation of a material fact, innocently made, contained in an application for life insurance, will avoid a policy issued upon such application. Appellant pleaded the alleged misrepresentation was willfully made evidently to meet the rulings in the cases cited. The court did not err in limiting the issue to a willful misrepresentation.

■ The application provided: "I do warrant that the foregoing answers and those on the reverse side are strictly correct, complete and truthful." This warranty has no contractual force because neither the application nor copy thereof was attached to the policy, First Texas Prudential Ins. Co. v. Pedigo (Tex.Com.App.) 50 S.W.(2d) 1091, and the policy provides it contains the entire agreement. See, also, Terry v. Texas Prudential Ins. Co. (Tex. Civ.App.) 77 S.W.(2d) 761, for discussion concerning warranties in life insurance policies.

The refusal of the requested peremptory instruction was proper. The evidence raises an issue as to whether the insured was tubercular.

■ The fact that appellee may not have had an insurable interest in the life of the insured is not available as a defense to the appellant in the absence of an adverse claim to the proceeds of the policy. Acts 1931, 42d Leg., c. 195, p. 328 (Vernon's Ann.Civ.St. art. 4736a); Pacific Mutual Life Ins. Co. v. Williams, 79 Tex. 633, 15 S.W. 478; Cheeves v. Anders, 87 Tex. 287, 28 S.W. 274, 47 Am.St.Rep. 107.

■ The court charged the burden of proof was upon appellant as to its defensive issues. This was not reversible, but the better way is to frame each question so it will indicate its own burden of proof. Phœnix Refining Co. v. Tips (Tex.Com. App.) 81 S.W.(2d) 60.

As to the assignment asserting misconduct of the jury the evidence abundantly supports the view that the misconduct charged was not shown.

The rulings upon evidence of which complaint is made are regarded as without merit and discussion thereof unnecessary.

Affirmed.