**SMITH v. METROPOLITAN LIFE INS. CO. et al.**

**No. 4971.**

Court of Civil Appeals of Texas. Amarillo.

Dec. 19, 1938.

Rehearing Denied Jan. 23, 1939.

G. Woodson Morris, of San Antonio, for appellant.

Oliver W. Johnson, of San Antonio, for appellees.

FOLLEY, Justice.

This suit is a contest over the proceeds of a group insurance policy in the sum of $500 issued upon the life of John Wesley Smith by the Metropolitan Life Insurance Company. dated July 1, 1933. At the time this policy was issued the insured was an employee of the Southern Pacific Railway Company, but prior to his death on November 20, 1936, he had been retired by the railway company upon a pension of about $40 per month.

The record reveals that in June, 1927, the insured was married to Jessie Smith, the appellant herein, who was plaintiff in the trial court. Long prior to the issuance of the policy the insured had ceased to live with the appellant, although they were never divorced. The policy was originally payable to Emaline Bell and Ella White, who were shown by the record to be the nieces of the insured. In March, 1936, the insured designated his niece, Ella White, as the sole beneficiary in the policy, such designation having been authorized by the terms of the policy. The contest over the proceeds of the policy was therefore between the appellant Jessie Smith, and Ella White joined by her husband, Rolly White, the appellees herein. The insurance company acknowledged its liability upon the policy, paid the $500 into the registry of the court and was therefore discharged with $50 attorney's fee allowed it as a stakeholder in the controversy. The trial court rendered judgment for the appellee, Ella White, from which judgment Jessie Smith has appealed.

The policy in question provided in the event there was no beneficiary at the time the same became payable that such insurance should be paid to the "wife or husband, if living, of such Employee * * *." The appellant contends that Ella White had no insurable interest in the life of the insured and sought to recover either under the above provision of the policy or under the law of descent and distribution.

It appears from the record that the insured was an old man and in bad health. He apparently had no home of his own. At intervals for many years prior to his death he lived. with the appellees. In March, 1936, before his death in November following, he made an agreement with Ella White, as found by the jury upon sufficient testimony, to the effect that if his niece and her husband would give him a home and care for him during his illness, he would make such niece the sole beneficiary in the policy. Ella White was thereupon made the sole beneficiary in the policy. The jury also found upon sufficient testimony that Ella White performed her part of the agreement. The testimony further reveals that each month the insured contributed certain sums out of his pension money to the support of his niece. It was also shown that such niece paid many bills in behalf of the insured. On the whole the testimony shows that the arrangement made between the parties was conducive to the best interests of both the insured and the beneficiary. There is no intimation in the evidence of any bad faith or fraud upon the part of the appellees in the arrangement made between them and the insured. As one evidence of such good faith upon the part of the appellees, the testimony shows that Ella White had pledged about one-half of the proceeds of the insurance money to the undertakers for the expense of the burial of the insured.

We recognize the rule in this State that no one without an insurable interest in the life of the insured may be the owner of an insurance policy on the life of a human being, and should such person be made a beneficiary in a policy even by the insured himself, such beneficiary would hold the proceeds as a trustee for the benefit of those entitled by law to receive the same. Cheeves v. Anders, 87 Tex. 287, 28 S.W. 274, 47 Am.St.Rep. 107, and authorities therein cited. The reason for such rule has been announced by the authorities to the effect that such contracts would be against public policy on the theory that any such beneficiary would be more interested in the early death of the insured than in the prolongation of his life. Applying such criterion to the facts in this case we fail to see any justification for the application of the rule announced. In making such statement we do not wish to an-

nounce the proposition that any such arrangement similar to the one involved in this case would under all circumstances be within the exception to the rule. There could be circumstances in connection with such an arrangement that would not only violate the spirit of the law but would be a dangerous precedent as far as the general public is concerned. In this case, however, due to all the circumstances surrounding the arrangement, no such condition exists. The effect of the trial court's judgment being that Ella White had an insurable interest in the life of the deceased, and no showing having been made to the contrary, we think the issue is foreclosed as far as the appellant is concerned.

The other matters about which the appellant complains, as presented, either fail to show error, or due to our above holding, become immaterial.

The judgment of the trial court is affirmed.