### NATIONAL LIFE & ACCIDENT INS. CO. v. CASTILLO.

### No. 10887.

Court of Civil Appeals of Texas. Galveston.

Nov. 2, 1939.

Rehearing Denied Nov. 29, 1939.

Battaile & Burr, of Houston, for plaintiff in error.

Bryan, Suhr, Bering & Bell and George Eddy, all of Houston, for defendant in error.

GRAVES, Justice.

This concededly correct statement is taken from the Insurance Company's brief:

"The appellee, Joe Castillo, instituted this suit against the defendant, The National Life and Accident Insurance Company, in the County Court at Law of Harris County, Texas.

"The defendant company, on the 22nd day of July, 1937, issued a policy of life insurance upon the life of Vera B. Castillo, plaintiff's wife, in the amount of $500.00. Plaintiff was the named beneficiary under the policy. On January* 28, 1938—approximately six months later—the insured died as a result of complications following child birth. (In applying for the insurance policy, the insured, upon written application attached to and made a part of the contract, stated in reply to an inquiry as to her pregnancy that she was not pregnant).

"Following the death of insured, plaintiff made due proofs of his wife's death and demand for payment of the policy, which payment was refused, the company tendering only the return of the premiums paid.

"This suit then ensued, plaintiff seeking judgment for the face of the policy—$500.-00—plus the statutory-penalty and attorneys' fees.

"The cause was tried to a jury which, at the conclusion of the testimony, was peremptorily instructed to return a verdict for the plaintiff. Judgment was then entered for $710.00 in the plaintiff's behalf, the same representing the amount of the policy, $500.00, a penalty of $60.00, and $150.00 reasonable attorneys' fees."

Under the disposition determined upon for this appeal, no written opinion is required of this court; in deference, however, to counsel for both sides, who have so painstakingly briefed and argued it, this ·very general statement of the main grounds upon which an affirmance of the trial court's judgment will be ordered is made:

■ (1) The defendant in error's contention that the insurance company is not entitled to complain at all in this court, because "it did not except or object to the court's peremptory charge, nor did it submit issues embodying its conception of disputed matters of fact", is overruled; this court, more than twenty years ago, in Kirlicks et al. v. Texas Co. et al., 201 S.W. 687, held that R.S. Article 2185 (then 1971) does not apply to a peremptory instruction but only to actual jury trials, and the Supreme Court affirmed that holding in Decker v. Kirlicks, 110 Tex. 90, 216 S.W. 385, as well as in Walker v. Haley, 110 Tex. 50, 214 S.W. 295, thereby settling a thenprevailing conflict between different Courts of Civil Appeals on that question. In this instance the insurance company did in open court except to the order granting the peremptory instruction, likewise giving notice of appeal, which it has duly prosecuted to this Court.

(2) The gist of the insurance company's contention here is thus stated in its brief:

"To state the proposition in another way, where an applicant for a policy of lifeinsurance represents that her answers to all questions contained in the application are 'full, true, complete, and without exception, and made as inducements to the execution of a policy of life-insurance,' and the applicant was asked the specific question, 'Are you now pregnant?', to which she answered 'No', and said applicant dies less than seven months from the date of the application from complications resulting from pregnancy and child-

birth (insured having been delivered of a full-period child within such time), the policy of insurance issued pursuant to said application may be voided by the company, representation as to her pregnancy being a material one as a matter of law. * * *

"Where, as in this case, applicant, Vera B. Castillo, in her application as attached to the policy and made a part of the insurance-contract, makes a representation which is false and untrue, and such representation is material to the risk assumed by the company, and contributes to the contingency or event that matures the policy, the said false representation vitiates the insurance contract, regardless of whether the applicant knew of the falsity of the representation at the time of making the same or not."

This presentment makes two unjustified assertions: First, that the insured's representation of non-pregnancy was both untrue and false in the sense of being deceitful or made with fraudulent knowledge and intent, and second, that its having subsequently been shown to have been untrue at the time also demonstrated that she was not then in good health.

The evidence was conclusive if not undisputed to the effect that Mrs. Castillo had not before known she was in that condition when the insurance company's physician so advised her of it while she was making her application for the policy in suit, and also that she was at that time in good health for one enceinte, being in all respects normal.

(3) There was no evidence showing or tending to show either that such representation was wilfully or fraudulently made for the purpose of inducing the insurer to issue the policy, or, as just indicated, that the applicant was in any other condition than a state of normal good health for a young woman who had been so enceinte for two months, but had not known of it.

■ (4) It further undisputedly appears that the insured made the statement disclaiming knowledge of her pregnancy to the insurance company's examining physician, while he was acting within the scope of his employment for it in making out and completing her application for the insurance, and that the company afterwards with full knowledge of the fact that she was then so actually pregnant, issued the policy to her, thereby estopping itself from

relying upon such statement as having been a fraudulent misrepresentation. 24 Texas Jurisprudence, page 817, paragraph 112; American National Ins. Co. v. Bailey, Tex. Civ.App., 3 S.W.2d 539; National Life & Acc. Co. v. Muckelroy et al., Tex.Civ.App., 40 S.W.2d 1115; First Texas Prudential Ins. Co. v. Nute, Tex.Civ.App., 53 S.W.2d 807; Martinez v. First Texas Prudential Ins. Co., Tex.Civ.App., 90 S.W.2d 645.

(5) It likewise undisputedly appears that the insured had made application for $1000 insurance, which the plaintiff in error after the receipt of such application, including presumably its physician's report to the effect that the applicant was then pregnant, reduced—in the amount granted—to one-half of that so applied for, and at the same time charged a higher rate thereon; this being in utilization of its privileges as shown by Part I, Item 26, Subdivision 4, of the application for the policy.

■ (6) Under Section 4 of the general provisions of the policy in suit, paragraph 2, it is expressly provided—following R.S. Articles 4732, par. 4, and 5043 to the same effect, that "all statements made by the insured shall, in the absence of fraud, be deemed representations and not warranties, and no such statement shall avoid this policy unless it is contained in a written application and a copy of such application is endorsed upon or attached to the policy when issued". The absence of any fraud in this instance having appeared conclusively, as above indicated, this defense against the validity of the policy wholly failed. 24 Tex.Jur., p. 919, par. 174, p. 921, par. 175; National Life & Acc. Ins. Co. v. Kinney, Tex.Civ.App., 282 S.W. 633; American Central Life Ins. Co. v. Alexander, Tex.Com.App., 56 S.W.2d 864; First Texas Prudential Ins. Co. v. Pipes, Tex.Civ.App., 56 S.W.2d 203; Colorado Life Co. v. Newell et al., Tex.Civ.App., 78 S.W.2d 1049; Southern Life & Health Ins. Co. v. Ramirez, Tex.Civ.App., 93 S.W.2d 234; Texas Prudential Ins. Co. v. Beach, Tex.Civ.App., 98 S.W.2d 1057; Imperial Life Ins. Co. v. Cartwright, Tex.Civ.App., 119 S.W.2d 683.

(7) The defendant in error here, having fully made out his case under both the facts and the law, was entitled to recover on this policy, unless such right was defeated by the representation of non-pregnancy so interposed; since it was not, for the reasons given, there remained nothing for

the learned trial court to do other than to award the peremptory instruction it did.

Without further discussion, the action so taken below will be affirmed.

Affirmed.