## NATIONAL LIFE & ACCIDENT INS. CO. v. FRENCH.

### No. 5202.

Court of Civil Appeals of Texas. Amarillo.
Oct. 14, 1940.

Rehearing Denied Nov. 12, 1940.

E. L. Klett, of Lubbock, for appellant.

Ralph Brock and G. V. Pardue, both of Lubbock, for appellee.

STOKES, Justice.

On January 22, 1923, appellant issued and delivered to Malinda Bailey, a colored woman, who then lived at Ardmore, Oklahoma, a policy of life, accident and health insurance, which provided for certain weekly indemnities in case of sickness or disability resulting from accidents, etc., and for $30 at the end of the endowment period or in case of death. The premium on this policy was 25 cents per week and the beneficiary was her daughter, the appellee here, whose name at that time was Sarah Morrow. Appellee afterwards married one French and her name as beneficiary in the policy was changed accordingly by endorsement. This policy remained in force until October 26, 1925, when another application was made for a like policy providing for $135 to be paid to the beneficiary in case of death of the insured. This latter policy was issued by appellant, naming appellee, Sarah French, as the beneficiary and thereafter no premiums were paid on the first policy. Under its provisions, however, there had accrued upon the first policy the sum of $11.50 paid-up insurance.

About the month of August, 1930, both the insured, Malinda Bailey, and her daughter, Sarah French, left Ardmore and moved to Lubbock, Texas. About March 3, 1930, the local agent of appellant at Ardmore arranged with Harriett Baker, another colored woman at Ardmore, a neighbor and friend of Malinda Bailey and Sarah French, to continue the weekly payments on the insurance policy then in force, and she continued the payments regularly until the death of Malinda Bailey at Lubbock on August 6, 1938. The record is not clear as to the reason why Harriett Baker began making the payments, but she testified that she made all of the payments after she

was named by endorsement as beneficiary in the policy, which was March 3, 1930. After the death of Malinda Bailey, Harriett Baker made the necessary proof and appellant paid to her as beneficiary $125 in full settlement of the policy last issued on the life of the deceased. Some time thereafter, appellee discovered both of the policies in an old trunk belonging to her deceased mother and she made application to appellant for the amount due thereon, which was declined upon the ground that both policies were payable to Harriett Baker; that it had already made settlement under the last issued policy, and expressed a willingness to pay the $11.50 accrued as paid-up insurance on the first policy upon the receipt or agreement of Harriett Baker.

Negotiations for settlement having failed, appellee filed this suit against appellant in the county court to recover the amount of paid-up insurance due on the first policy and the full amount of the second policy, together with interest, 12 per cent. damages and reasonable attorney's fee. The case was submitted to the court without a jury and judgment rendered in appellee's favor for the full amount for which she had sued. Appellant excepted to the judgment, gave notice of appeal, and has perfected an appeal to this court, contending that the court erred, first, in rendering judgment for appellee upon both policies because the first policy had lapsed and the second policy was payable to Harriett Baker as beneficiary who thereafter paid the premiums and kept it in force. Secondly, that the court erred in rendering judgment against appellant for 12 per cent. damages and attorney's fees because there was at least a bona fide issue as to whether appellee was the beneficiary and it should, therefore, not be penalized for withholding payment.

The undisputed testimony shows that Harriett Baker was not related to Malinda Bailey in any degree and also that the deceased was not indebted to Harriett Baker in any sum whatever.

Regardless of what may be the rule in other jurisdictions it has been settled law in Texas since the early days of its judicial history that a person who does not have an insurable interest in the life of the insured in a policy of life insurance cannot be or become the owner of an insurance policy on the life of such person. In the event one having no such insurable interest is made the beneficiary in such a policy, even though it is done by the in-

sured himself, he is not entitled to the proceeds merely because he has been named as beneficiary and he cannot, under our law, receive them unless the insured is indebted to him in some amount. Even then, he may only be reimbursed for the amount of such indebtedness. If he should perchance receive such proceeds he becomes the trustee for those entitled thereto. Price v. Supreme Lodge Knights of Honor, 68 Tex. 361, 4 S.W. 633; Cheeves v. Anders, 87 Tex. 287, 28 S.W. 274, 47 Am.St.Rep. 107; Manhattan Life Ins. Co. v. Cohen, Tex.Civ.App., 139 S.W. 51; Wilke v. Finn, Tex.Com.App., 39 S.W.2d 836; Sink v. Waco Mutual Life & Accident Ass'n, Tex. Civ.App., 49 S.W.2d 888; Smith v. Metropolitan Life Ins. Co., Tex.Civ.App., 123 S.W.2d 956.

There has been no material deflection from this rule by our courts and it is based upon the sound principle that to allow one to become such beneficiary is against public policy. Naturally he would be more interested in the early death of the insured than he would be in the prolongation of his life.

■■ Appellant contends that appellee is not entitled to recover on the policies because she did not procure them; was in no sense a party to the contract, and did not pay the premiums accruing thereon. While under the law the attempt to name as beneficiary in a life insurance policy one who has no interest in the life of the insured is, in a sense, void, yet it does not follow that those who would otherwise be entitled to receive the proceeds of such a policy are not entitled thereto because of such an attempt or because they are not named as beneficiaries in the policy. The insurance company issuing such a policy is liable thereunder, although such an ineffective attempt was made. When such a policy is issued by the company to one having no insurable interest or the policy has been assigned to such a one, the insuring company is nevertheless liable for the full amount of the policy because it has contracted to pay the amount called for therein. In discussing this identical question, Judge Ryan, speaking for Section B of the Commission of Appeals, in the case of Wilke v. Finn, supra [39 S.W.2d 839], said: "It is no concern of the insurer as to who gets the proceeds, except to see that it is paid to the proper parties, under its agreement. It is simply required to perform its contract, and the law will dis-

pose of the money according to the rights of the parties. [Pacific Mut. Life] Ins. Co. v. Williams, 79 Tex. [633] 637, 15 S.W. 478, and authorities cited."

■ The second contention made by appellant is that error was committed by the court in rendering judgment against it for the 12 per cent. penalty and attorney's fee because, it says there was a bona fide issue as to whether or not appellee was the beneficiary and entitled to receive the insurance. We cannot agree with this contention of appellant. The evidence shows that when appellee applied to appellant for payment to her of the amounts due under the policies she was informed by appellant that she was not the last-named beneficiary under the policies; that they were payable to Harriett Baker and that its understanding of the law of the State of Oklahoma was that the insured had the right to change the beneficiary and name Harriett Baker as such if she so desired. Appellee's claim to the proceeds of the policies was, therefore, declined by appellant and when the suit was filed appellant still denied that it owed appellee anything under the policies. It was shown by the undisputed evidence that the law of Oklahoma in respect to such matters is practically the same as it is in Texas, and it is difficult, therefore, to see how there could have been a bona fide issue as to whether or not appellee was entitled to the proceeds of the policies.

We have carefully examined the assignments of error and all the contentions presented by appellant and, in our opinion, no error is revealed by any of them. The judgment of the court below will, therefore, be affirmed.

### On Motion for Rehearing.

■ Appellant has filed a motion for rehearing in which it earnestly urges that we erred in our disposition of the case because, it says, the undisputed evidence shows that both appellant and appellee, as well as the insured, considered the original policies sued upon had lapsed for nonpayment of premiums; that a substitute policy was issued March 3, 1930, in which Harriett Baker was made the beneficiary, and she thereafter paid the premiums and kept the substitute policy in force. The statement of facts contains copies of three policies. The first policy, as stated in our original opinion, lapsed and no complaint is made in the motion concerning our dis-

position of the small amount due as paid-up insurance on it. The second policy was issued November 9, 1925, in which Sarah French was named as the beneficiary. It contains an endorsement in which the beneficiary was changed to Harriett Baker, the endorsement being dated March 3, 1930. The third policy, while not dated, contains an endorsement "duplicate policy and change of beneficiary issued at insured's request on March 3, 1930." The endorsement shows that it was intended as a duplicate of the former policy and the principal complaint made by appellant in the motion is that we treated the policy sued upon, which was the second policy, as a proper basis for the recovery by the appellee of the insurance provided in the third policy, which appellant contends is a new and independent contract. While appellant, in its motion, designates the third policy as a "substitute" policy, it shows plainly to be a "duplicate". We conclude, therefore, that the insurance and benefits provided by it were the same as the former policy. It did not create any liability different from the original policy but was the same insurance and provided for the same liability as the policy of which it was a duplicate. Lewis v. Commercial Nat'l Bank, 37 Tex.Civ.App. 241, 83 S.W. 423. They both carried the same number, provided for the same amount, insured the life of the same person, and were originally payable to the same beneficiary.

Appellant contends also that appellee had no right to claim the proceeds or benefit of a contract to which she was not a party and upon which she paid no consideration. A consideration of the authorities cited in the original opinion will reveal that the law is otherwise. Our Supreme Court in the case of Cheeves v. Anders, 87 Tex. 287, 28 S.W. 274, 275, 47 Am.St.Rep. 107, in speaking of the public policy of this State concerning such matters, said: "Applying this salutary rule, the conclusion has been reached by our court that such [insurance] policy cannot be beneficially owned by any one not interested in the life insured, whether the policy be taken out in the first instance by the noninterested party, with or without the consent of the insured, or whether he acquired the policy by assignment from the person whose life is insured, or from another who had an insurable interest."

This holding of the Supreme Court seems to be broad enough to establish the rule of law that a person having no insurable interest in the life of another simply cannot hold a policy of insurance upon such other person's life. The same case holds that, when an insurance company issues a policy in which such person is made the beneficiary, the company cannot resist payment but must pay the amount provided in the policy to those entitled to receive it. The person entitled to receive the insurance in this instance was the appellee because she was the beneficiary in the second policy of which the third policy was a duplicate, and in which the insurance provided by the second policy was continued in force and effect. We think, therefore, it makes no difference whether the suit was based upon the second policy or the duplicate of it because each of them covered the same insurance and provided for the same liability.

The motion for rehearing will be overruled.