## CASTILLO v. CANALES.

### No. 11243.

Court of Civil Appeals of Texas. San Antonio.

Feb. 10, 1943.

Rehearing Denied March 3, 1943.

Schlesinger, Schlesinger & Goodstein, of San Antonio, for appellant.

J. Hubert Lee, of Austin, and Stahl & Sohn, E. J. Shahady, and L. M. Bickett, all of San Antonio, for appellee.

MURRAY, Justice.

This suit was instituted by the Woodmen of the World Life Insurance Society, a fraternal benefit society, to determine the rightful owner of the proceeds of a death benefit provided for in a certificate issued by the society to one Miguel Villarreal in the sum of $2,000.00, and naming his niece by marriage, Eloisa Canales Sanchez, as beneficiary. Rival claims to the funds were asserted by Sarah Castillo, the surviving mother of Miguel Villarreal, and by Eloisa Canales Sanchez, the designated beneficiary.

The Woodmen of the World Life Insurance Society, hereinafter referred to as the "Society", tendered the money into court and a judgment was thereafter entered discharging said Society with its costs and attorney's fees.

A trial was then had to the court without the intervention of a jury and judgment rendered in favor of Eloisa Canales Sanchez, the designated beneficiary, and from that judgment Sarah Castillo, the surviving mother of Miguel Villarreal, has appealed.

This appeal presents but one question, to-wit: Can Eloisa Canales Sanchez, who had no insurable interest in the life of Miguel Villarreal, be the designated beneficiary in a death benefit certificate issued by a fraternal benefit society, and may she legally collect the proceeds of such a certificate?

The law is well settled in this State to the effect that a person not related by blood, marriage or adoption, within certain limited degrees, cannot collect the proceeds of an insurance policy as a designated beneficiary, unless such person has an insurable interest in the life of the insured. Wilke v. Finn, Tex.Com.App., 39 S.W.2d 836; National Life & Accident Insurance Co. v. French, Tex.Civ.App., 144 S.W.2d 653.

We have concluded, however, that a different rule applies to death benefit certificates issued by a fraternal benefit society, in view of the provisions of Revised Civil Statutes of Texas, 1925, Title 78, Chapter 8, Articles 4820-4859d, and as thereafter amended, Vernon's Ann.Civ.St. arts. 4820–4859d.

Article 4823 provides as follows: "Except as herein provided, such societies shall be governed by this law, and shall be exempt from all provisions of the insurance laws of this State, not only in governmental relations with the State, but for every other purpose. No law hereafter enacted shall apply to them, unless they be expressly designated therein."

Article 4834 provides, in part, as follows: "Every certificate issued by any such society shall specify the amount of benefit provided thereby, and shall provide that the certificate, the charter or articles of incorporation or, if a voluntary association, the articles of association, the constitution and laws of the society, and the application for membership and medical examination, signed by the applicant, and all amendments to each thereof, shall constitute the agreement between the society and the member."

Article 4831, R.C.S.1925, was in part, as follows: "The payment of death benefits shall be confined to wife, husband, relative by blood to the fourth degree, children by legal adoption, mother-in-law, son-in-law, daughter-in-law, step-father, step-mother, step-children, father-in-law or to a person or persons dependent upon the member. If after the issuance of the original certificate the member shall become dependent upon an incorporated charitable institution, he shall have the privilege, with the consent of the society, to make such institution his beneficiary. Within the above restrictions each member shall have the right to designate his beneficiary, and from time to time have the same changed in accordance with the laws, rules or regulations of the society, and no beneficiary shall have or obtain any vested interest in the said benefit until the same has become due and payable upon the death of the said member."

This last mentioned article was amended in 1929, but with no substantial change. In 1930, Article 4831 was radically amend-

ed Vernon's Ann.Civ.St. art. 4831, so as to read as follows: "Any person may be admitted to beneficial, or general, or social membership in any society in such manner and upon such showing of eligibility as the laws of the society may provide, and any beneficial member may direct any benefit to be paid to such person or persons, entity, or interest as may be permitted by the laws of the society."

The Constitution, Laws, and By-laws of the Society provide, in part, as follows: "The objects of this Society shall be to * * *; create funds from which, on reasonable and satisfactory proof of death of a beneficiary member who has complied with all the requirements of this Society, there shall be paid the sum named in the certificate, less any sums due the Society, to the person or persons named in the certificate as beneficiary or beneficiaries, which beneficiary or beneficiaries shall be such as are not prohibited by the law of the state in which the original certificate is delivered to the applicant."

It is clear that Art. 4831, as amended in 1931 and now Art. 4831, Vernon's Ann.Civ. Stats., specifically removed all limitations with reference to the designation of beneficiaries in death benefit certificates issued by fraternal benefit societies, except those provided by the Constitution, Laws and By-laws of such societies. The Constitution, Laws and By-laws of the Society involved herein permitted the designation of any one as a beneficiary "not prohibited by the laws of the state in which the original certificate is delivered to the applicant," and we have concluded that the laws of the State of Texas applicable to fraternal benefit societies do not prohibit a member of such a society from designating a beneficiary who does not have an insurable interest in the life of such a member.

■ Appellant contends that the courts of this State have declared it to be against public policy for one to be the beneficiary in an insurance policy who does not have an insurable interest in the life of the insured, and that under such court decision, or common law, it is unlawful for a person not holding such insurable interest to be designated a beneficiary in a death benefit certificate issued by a fraternal benefit society. We overrule this contention. When the Legislature amended Art. 4831, supra, in 1931, it declared the public policy of this State to be that fraternal benefit societies could by their own laws determine who could be made beneficiaries of their certificates, and when the Legislature has declared the public policy of the State the Courts are bound thereby. 6 R.C.L. 109, § 108; 12 Am.Jur. 668, § 171; 11 Am.Jur. 814, § 139.

■ Appellant contends that we should construe that provision of the By-Laws of the Society which reads as follows: "* * * which beneficiary or beneficiaries shall be such as are not prohibited by the laws of the state in which the original certificate is delivered to the applicant," as meaning that no one could be named as a beneficiary unless such person had an insurable interest in the life of the insured. We cannot agree with this contention. To so hold would be to say that it was the intention of the Society to narrow its field of beneficiaries to the same extent as if it were an old line life insurance company. The Society and Miguel Villarreal did not so construe this provision when they designated in the certificate here involved a beneficiary who had no insurable interest in his life. It is also unreasonable to suppose that the State law having given fraternal benefit societies great latitude with reference to who might be designated beneficiaries in death benefit certificates issued by them would deliberately deprive themselves of this benefit and great latitude in such matters, by adopting a by-law restricting themselves to a much narrower field of beneficiaries than existed prior to the amendment of Art. 4831, in 1931. The only fair interpretation of the above provision of the Society's by-laws is that the laws of the state referred to were the laws of the state applicable to fraternal benefit societies. Art. 4823, Vernon's Civ. Stats.

The judgment is affirmed.