## TURNER et al. v. BROTHERHOOD OF AMERICAN YEOMEN et al.

### No. 4337.

Court of Civil Appeals of Texas. Texarkana.
May 12, 1933.

Rehearing Denied May 18, 1933.

Howth, Adams & Hart, of Beaumont, for appellants.

Schluter & Singleton, of Jefferson, and E. C. Street, of Waco, for appellees.

SELLERS, Justice.

This suit was filed by William Dow Badgett, a minor, suing by J. W. Badgett, his father, as next friend, against the Brotherhood of American Yeomen, a fraternal insurance association, to recover the proceeds of a policy of insurance in the amount of $1,000, issued by the defendant upon the life of Samuel J. Culberson, in which policy William Dow Badgett was named as beneficiary.

The Brotherhood of American Yeomen answered by admitting its liability upon the policy and paying the proceeds into the registry of the court, and setting up its claim for attorney's fees, and asking that it be discharged with its costs. The defendant answered that the deceased, Samuel J. Culberson, at the time of his death left a will which was duly probated, in which Mrs. L. C. Turner was named as sole heir of the deceased, and that the said Mrs. L. C. Turner, having withdrawn the estate from administration as provided by law, was claiming the proceeds of the policy as such sole heir, and further claiming that although the plaintiff was named as beneficiary in the policy, he was not entitled to recover the same because he had no insurable interest in the life of the insured, so that the proceeds of the policy should go to the estate of the deceased and through the estate to the said Mrs. L. C. Turner.

Mrs. L. C. Turner, joined by her husband, intervened in the suit, setting up her claim to the proceeds of the policy on the grounds above noted.

The trial was had before the court without intervention of a jury, and the court entered judgment in favor of the plaintiff, William Dow Badgett, for the proceeds of the policy; and awarding the defendants attorney's fees in the sum of $50, and decreeing that interveners take nothing by their suit. From this judgment the interveners have duly prosecuted this appeal.

The sole contention of appellant is that the appellee William Dow Badgett is not entitled to recover as beneficiary named in the certificate of insurance issued by the Brotherhood of American Yeomen on the life of Samuel J. Culberson, deceased. In determining this question appellant contends that notwithstanding the Brotherhood of American Yeomen is a fraternal benefit society, since the trial court found as a fact that the certificate sued upon was in the form of old line life insurance, that the laws applicable to old line life insurance companies in determining whether appellee is entitled to recover as beneficiary in the certificate sued upon should control. We cannot sustain this contention. Article 4834 of R. C. S. 1925 provides what the certificate issued by fraternal societies shall contain, but makes no reference to the form of the policy. And it is further provided by article 4823 that such societies shall be exempt from all provisions of the insurance laws of this state and the Legislature having by statute, article 4831, provided who may be named by a member as beneficiary in such certificate, said statute must control.

While the certificate sued upon was not introduced in evidence for the reason that it was in the possession of the society, yet the agreed statement of facts shows that the certificate involved contained a provision that the by-laws of the society and all amendments thereto shall be a part of the agreement between the society and the member, and shall be binding upon the member and his beneficiaries. Looking, then, to the by-laws of the society and to article 4831, the statute in force at the time appellee was named as beneficiary, it is found that both provide that any blood relative within the fourth

degree of a member may be named as beneficiary by such member. The only remaining question, then, under the facts in this case, is whether appellee was related to Samuel J. Culberson within the fourth degree by blood. The facts as found by the trial court are that the father of Samuel J. Culberson, deceased, and the greatgrandmother of William Dow Badgett were brother and sister. When the rule existing in this state for determining the degree of relationship existing between relatives is applied to the above facts, it will be found that Samuel J. Culberson and William Dow Badgett were related by blood in the fourth degree. Baker v. McRimmon (Tex. Civ. App.) 48 S. W. 742, and authorities therein cited.

The judgment of the trial court is affirmed.