SARAH CASTILLO V. ELOISA CANALES.

No. 8102. Decided July 14, 1943.
Rehearing overruled October 20 ,1943.
(174 S. W., 2d Series, 251.)

480

*Schlesinger, Goodstein & McGuire,* and *L. Goodstein,* of San Antonio, for petitioner.

It was error for the Court of Civil Appeals to hold that a benificiary who had no insurable interest in the life of the insured could recover the proceeds of a life insurance policy even though the constitution and by laws of the society provided that no one could be named as beneficiary who was prohibited by the law of the State in which the certificate was delivered to the applicant. Gastring v. Sovereign Camp W. O. W., 278 S. W. 310; Price v. Supreme Lodge K. of H., 4 S. W. 633; Schonfield v. Turner, 75 Texas 324, 12 S. W. 626.

*J. Hubert Lee,* of Austin, *E. J. Shahady* and *Stahl & Sohn,* all of San Antonio, for respondent.

There is nothing in the bylaws of the society nor the statutes of the State that will prohibit a niece from being named the beneficiary in a benefit certificate, and it was not error for the Court of Civil Appeals to award the proceeds of the benefit certificate to the respondent in this case, the niece and designated beneficiary named in said certificate. Green v. Grand United Order of Odd Fellows, 163 S. W. 1071; Masonic Benefit Assn. v. Bunch, 109 Mo. 560, 19 S. W. 25; Turner v. Brotherhood of American Yeomen, 60 S. W. (2d) 246; 45 C. J. 167, 185; 48 Am. Jur. 546.

*Thomas G. Murnane,* and *Blakley & Armstrong,* all of Dallas, *James E. Faulkner,* of Henderson, and *L. M. Bickett,* of San Antonio, filed briefs as amici curiae.

MR. JUSTICE SHARP delivered the opinion of the Court.

The Woodmen of the World Life Insurance Society, a fraternal benefit society, filed this suit to determine who was legally entitled to the proceeds of a death benefit provided for in a certificate dated March 30, 1935, issued by the Woodmen of the World Life Insurance Society to Miguel Villarreal in the sum of $2,000.00, wherein the insured named Eloisa Sanchez, his niece by marriage, as beneficiary. Later, at the request of Miguel Villarreal, the beneficiary was changed to Eloisa Canales. Sarah Castillo, the surviving mother of Miguel Villarreal, and Eloisa Canales, the beneficiary in the certificate, claimed the proceeds of the certificate, and the contest was between them as to the right to receive the proceeds of the certificate. The Woodmen of the World Life Insurance Society tendered the money into

court, and judgment was entered discharging said company with its costs and attorney's fees. The case was tried to the court without a jury, and judgment was rendered in favor of Eloisa Canales. Sarah Castillo appealed to the Court of Civil Appeals, and the judgment of the trial court was affirmed. 169 S. W. (2d) 200.

The controlling question presented in this case is: Was Eloisa Canales, who had no insurable interest in the life of Miguel Villarreal, entitled to be designated his beneficiary in a death benefit certificate issued by a fraternal benefit society, and upon his death to collect the proceeds of such certificte? This question involves the construction of Articles 4820-4859f, Vernon's Annotated Civil Statutes, relating to fraternal benefit societies.

A brief history of the legislation upon this subject may be helpful. Fraternal benefit societies were originally authorized by the 26th Legislature, Regular Session, Chapter 115, page 195. That enactment designated permissible beneficiaries as "families, heirs, blood relatives, affianced husband or affianced wife, or to persons dependent upon the member at the time of his death." In Chapter 36, page 357, Acts of the 31st Legislature, First Called Session, the permissible beneficiaries were designated as "wife, husband, relatives by blood to the fourth degree, ascending or descending, stepfather, stepmother, stepchildren, children by legal adoption, or a person or persons dependent upon the member, * *." In Chapter 113, page 220, Acts of the 33d Legislature, Regular Session, all of the permissible beneficiaries included in Chapter 36 of the Acts of the 31st Legislature, referred to above, were retained, and the following were added to the list: "father-in-law, mother-in-law, son-in-law (and) daughter-in-law." Chapter 6, page 116, Acts of the 38th Legislature, Regular Session, it was provided that if there is no designation, or if the designee is dead or has no insurable interest, the benefits shall not be forfeited, but shall be paid to the persons designated in such section of the Act in such order as the by-laws of the society may prescribe. The right of the insured to select his beneficiary was further enlarged by Chapter 162, page 372, Acts of the 35th Legislature, Regular Session, in that "any association, society or corporation organized and operated for religious, eleemosynary, or educational purposes may be named as beneficiary." The next amendment is found in Chapter 48, page 71, Acts of the 42d Legislature, Regular Session, and is our present Article 4831.

■ As shown above, the Legislature has enacted many Acts relating to fraternal benefit societies. It will be noted that in each Act was contained substantially the provision above quoted limiting the name of the beneficiary, until the amendment in 1931 by the 42d Legislature, which is now Article 4831. The pertinent parts of the law controlling this question read as follows:

Article 4823 provides:

"Except as herein provided, *such societies shall be governed by this law,* and shall be exempt from all provisions of the insurance laws of this State, not only in governmental relations with the State, but for every other purpose. No law hereafter enacted shall apply to them, unless they be expressly designated therein." (Italics ours.)

Article 4831 provides in part:

"Any person may be admitted to beneficial, or general, or social membership in any society in such manner and upon such showing of eligibility as the laws of the society may provide, *and any beneficial member may direct any benefit to be paid to such person or persons, entity, or interest as may be permitted by the laws of the society;* * * *. " (Italics ours.)

Article 8434 provides in part:

"Every certificate issued by any such society shall specify the amount of benefit provided thereby, and shall provide that the certificate, the charter or articles of incorporation or, if a voluntary association, the articles of association, the constitution and laws of the society, and the application for membership and medical examination, signed by the applicant, and all amendments to each thereof, shall constitute the agreement between the society and the member, * *."

The constitution, laws, and by-laws of the Woodmen of the World Life Insurance Society provide in part as follows:

"The objects of this Society shall be to * * *: create funds from which, or reasonable and satisfactory proof of death of a beneficiary member who has complied with all the requirements of this Society, there shall be paid the sum named in the certificate, less any sums due the society, to the person or persons named in the certificate as beneficiary or beneficiaries, *which beneficiary or beneficiaries shall be such as are not prohibited by law of the state in which the original certificate is delivered to the applicant."* (Italics ours.)

That the foregoing articles of the statutes govern fraternal benefit societies in the issuance of certificates is well established. Sovereign Camp Woodmen of the World v. Moraida, 131 Texas 250, 113 S. W. (2d) 177; Sovereign Camp Woodmen of the World v. Newberry et al (Civ. App.), 87 S. W. (2d) 839 (writ dismissed); Turner et al v. Brotherhood of American Yeoman (Civ. App.), 60 S. W. (2d) 246; Hernandez et al v. Supreme Forest Woodmen Circle et al (Civ. App.), 80 S. W. (2d) 346.

Prior to the amendment of Article 4831 the statutes definitely limited the beneficiaries in certificates of insurance to certain persons, and a designated beneficiary not included in the list of persons named in the statutes could not collect for himself the proceeds of a certificate naming him as beneficiary. The courts also held that it was against public policy to allow anyone to be named a beneficiary in a policy who had no insurable interest in the life of the insured, and collect the proceeds of such policy for his own benefit. Cheeves v. Anders, 87 Texas 287, 28 S. W. 274, 47 Am. St. Rep. 107; Price v. Supreme Lodge Knights of Honor, 68 Texas 361, 4 S. W. 633; Wilke v. Finn (Com. App.), 39 S. W. (2d) 836. This rule rests upon the ground that the public is interested that no temptation or incentive shall be offered one person to take the life of another, in order to collect the proceeds of an insurance policy for himself. The foregoing rule, with certain exceptions contained in Article 5048, Revised Civil Statutes, adopted in 1921, still applies to old line life insurance companies. The Legislature in 1919 also enacted Article 5047, which provides that the interest of a beneficiary in a life insurance policy "shall be forfeited when the beneficiary is the principal or an accomplice in willfully bringing about the death of the insured."

The Legislature has the power to declare what shall be the policy of the State with reference to insurance matters. Fire Assn. of Philadelphia v. Love, 101 Texas 376, 108 S. W. 158; 10 Tex. Jur., p. 191, sec. 110. And when the Legislature speaks on a subject not prohibited by the Constitution, its action is binding on the courts. City of Tyler v. St. Louis, S. Ry. Co., 99 Texas 491, 91 S. W. 1, 93 S. W. 997, 13 Ann. Cas. 911; St. Regis Candies v. Hovas, 117 Texas 313, 3 S. W. (2d) 429; United States v. Trans-Missouri Freight Assn., 166 U. S. 290, 17 S. Ct. 540, 41 L. Ed., 1007; 6 R. C. L., p. 109, sec. 108; 12 Amer. Jur., p. 668, sec. 171. That the Legislature intended by the Amendment of Article 4831 to liberalize the rule with reference to the naming of beneficiaries in certificates of fraternal benefit societies is quite obvious. The caption of the Act amending Article 4831 in 1931 reads in part as follows:

"An Act defining Fraternal Benefit Societies, providing a lodge system and requiring a representative form of government; prescribing the qualifications of membership therein, *and granting members right to designate their own beneficiaries;* * * *." (Italics ours.)

Section 8 of the Act, which contains the emergency clause, begins as follows: "The importance of this Act and the further fact that the foregoing bill and measure hereinabove purposed is a uniform fraternal Act provided for the several States of the Union, and that under the decisions of the United States Supreme Court it is important that the provisions regulating policies of insurance and fraternal societies shall be as nearly uniform as possible," and recites that there is now considerable divergence and conflict in the various States with reference to the meaning of beneficiaries in certificates issued by fraternal benefit societies.

Prior to the amendment of 1931 the "law" of Texas prohibited all persons from being beneficiaries under life insurance policies, unless such beneficiary had an "insurable interest." This is still the "law' in Texas, except as it applies to fraternal benefit societies. Article 4823 of Chapter 8, Title 78, Revised Civil Statutes 1925, provides that all fraternal benefit societies in Texas shall be governed by that Chapter *alone* "for ever purpose." It says that the fraternal benefit societies "shall be governed by *this law* (meaning Chapter 8) and shall be exempt from all provisions of the insurance *laws* of this State, not only in governmental relations with the State, but for every other purpose. *No law* hereafter enacted shall apply to them, unless they be expressly designated therein." (Italics ours.)

As the law now stands, any beneficial member of a fraternal benefit society "may direct any benefit to be paid to such person or persons, entity or interest as may be permitted by the laws of the society." The constitution, laws, and by-laws of the Woodmen of the World Life Insurance Society authorize the naming of a beneficiary "not prohibited by the laws of the State in which the original certificate is delivered to the applicant." In other words, when the laws of the Woodmen of the World Life Insurance Society and the statutes of this State are construed together, it is plain that the Legislature intended to remove all limitations as to the designation by beneficial members of beneficiaries in certificates of fraternal benefit societies, and to provide that such beneficiaries could be designated as provided by the laws of the fraternal benefit

societies issuing the certificate, and that the Woodmen of the World Life Insurance Society authorized an insured to name as his beneficiary any person "not prohibited by the laws of the State in which the original certificate is delivered to the applicant." It thus clearly appears that both the Legislature and the Woodmen of the World Life Insurance Society were in accord in intending to do away with the old rule concerning the designation of beneficiaries by the insured.

It may be conceded, as contended by petitioner, that the word "law" as used in the by-laws of the Woodmen of the World Life Insurance Society ordinarily includes both the common law, as evidenced by the decisions, as well as the statutory law; but the solution of this question does not solve the problem here before us. Prior to the adoption of the statute above referred to regulating fraternal benefit societies, it was the public policy or "law" of this State, with a few exceptions, that no one could be named as a beneficiary in a life insurance policy who did not have an insurable interest in the life of the insured. As previously stated, the Legislature had the right to change this public policy. By the statute above referred to that public policy was changed so that it then became the "law" of this State that a member of a fraternal benefit society, with the consent of the society, as evidenced by its laws could name as beneficiary in a life insurance policy whomsoever he pleased, and regardless of whether the named beneficiary had an insurable interest in the life of the insured. It was the "law" as it then existed, and with the public policy thus changed by the statute, that was referred to in the Society's by-laws, wherein it was provided in substance that any one not prohibited by the law of the State could be named as a beneficiary in a policy. When thus construed the policy is perfectly valid.

We find nothing in the statutes, or in the constitution, laws, and by-laws of the Woodmen of the World Life Insurance Society, that prohibited Miguel Villarreal, if he acted in good faith, from taking out such certificate on his own life and naming Eloisa Canales as beneficiary. We therefore hold that Eloisa Canales, as beneficiary, is entitled to the proceeds of the certificate.

The judgments of the trial court and Court of Civil Appeals are both affirmed.

Opinion delivered July 14, 1943.

MR. JUSTICE CRITZ, dissenting.

I most respectfully dissent from the rulings contained in the majority opinion in this case. It is my view that such rulings permit insurance societies such as the Woodmen of the World Life Insurance Society to violate both the law of this State, and their own laws, with reference to the classes of persons who may be made beneficiaries in policies of life insurance issued by them, and delivered in this State.

As shown by the opinion of the majority, prior to its amendment, Article 4831 of our Civil Statutes restricted life insurance societies such as the Woodmen of the World Life Insurance Society to certain named classes of beneficiaries. As amended, such article abolishes such named classes, and provides that "any beneficial member may direct any benefit to be paid to such person or persons, * * * as may be permitted by the laws of the society; * * *." This statutory provision places a very definite limitation on the classes of persons who may be made beneficiaries in policies of life insurance governed thereby. Such limitation is that the beneficiaries must be of the classes "permitted by the laws of the society." Under the express and unambiguous language of this statute the society must conform its insurance contracts, as regard beneficiaries, to its own law; and the naming of any beneficiary in contravention of the society's own law would violate our statute, because our statute confines the society to its own law. Also such would plainly violate the society's own law.

When we come to examine the pertinent law of this society, quoted in the opinion of the majority, we find that, under its very plain provisions, it cannot name a beneficiary in one of its policies of insurance if such beneficiary falls within a class prohibited by the law of the State in which the original certificate is delivered. In this regard the law of the society provides that "such beneficiary or beneficiaries shall be such as are not prohibited by the law of the State in which the original certificate is delivered to the applicant." In my opinion this conclusion is inescapable, and leaves nothing more to be determined, except: What is meant by the term "law," or the phrases "law of the State," as used in the law of the society just quoted, and what is the law of Texas in regard to who may be beneficiaries in a life insurance policy?

It is the general rule that where the term "law" is used without restriction or qualification it refers to the public law of the State or sovereignty; and includes the whole body or system of rules of conduct as announced by legislative acts, the com-

mon law, the court decisions. 36 C. J., p. 963, sec. 31, and authorities there cited.

An examination of the law of this society regarding who may be named beneficiaries in its policies of life insurance discloses that the term "law" or the phrase "law of the State" is used therein without restriction or qualification. It must follow that the terms or phrase mentioned has reference to public law as hereinabove defined.

It is the settled public law of this State that, absent any statute to the contrary, no person can be named beneficiary in a life insurance policy unless he has an insurable interest in the life of the person insured. 24 Tex. Jur., p. 762, sec. 71, and authorities there cited; Drane v. Jefferson Std. Life Ins. Co., 139 Texas 101, 161 S. W. (2d) 1057; McBride et al v. Clayton et al, 140 Texas 71, 166 S. W. (2d) 125. This rule applies alike to fraternal benefit societies and old line life insurance companies. Price v. Supreme Lodge Knights of Honor, 68 Texas 361, 4 S. W. 633; Schonfield v. Turner, 75 Texas 324, 12 S. W. 626, 7 L. R. A. 189.

The construction given in this dissenting opinion to Article 4831, as rewritten in 1931, does not render the rewritten article ineffective or purposeless. On the contrary it gives full effect to the very apparent purpose of the Legislature in changing the law. Prior to 1931, as is shown by the majority opinion herein, the statutes, and particularly Article 4831 as rewritten in 1929 by Chapter 16 of the Acts of the 2nd Called Session of the 41st Legislature, named those who might be made beneficiaries in certificates issued by fraternal benefit societies. The law was radically changed by the amendment of Article 4831 in 1931, it being so rewritten as to depart from the former rule by which beneficiaries were expressly named by statute and to permit the societies by their own laws to designate those to whom benefits may be paid. The Woodmen of the World Life Insurance Society, acting under the authority, saw fit, as herein shown, to conform to the established law of the State in which the original certificate is delivered, and to authorize the naming of any beneficiary not prohibited by the laws of the State, thus excluding as beneficiaries under certificate delivered in Texas those who have no insurable interest. The effect of the majority opinion is to hold that this society is not bound by its own law, which law is fully authorized by our statute.

It is undisputed that this respondent had no insurable interest in the life of the insured. It follows that under Article 4831,

supra, and the law of this society, above discussed, construed together, she ought not to be allowed to collect as beneficiary in this policy.

Opinion delivered July 14, 1943.