## WELCH et al. v. WOODMEN OF THE WORLD LIFE INS. SOC.

No. 14532.

Court of Civil Appeals of Texas. Fort Worth.

Sept. 3, 1943.

Rehearing Denied Nov. 12, 1943.

James E. Faulkner and R. M. Allen, both of Henderson, for appellant.

Norman M. West (of Baker, Botts, Andrews & Wharton), of Houston, for appellee.

SPEER, Justice.

Mrs. Maudie Welch, plaintiff, individually and as next friend for her minor children, sued defendant, Woodmen of the World, a fraternal benefit society, on a policy of insurance for $1,000 on the life of her husband, W. B. Welch. The insured died and all requisite proofs and notices were given and payment was refused by the defendant.

The evidence shows that the policy was issued on the application of the insured, in which application G. P. Futch was named as beneficiary. The policy likewise named Futch as beneficiary and recited: "The beneficiary herein related to the member as friend."

After the death of the insured, the Society paid to Futch, the named beneficiary, the face of the policy. Plaintiff contended that Futch was an illegal and unauthorized beneficiary in the policy under the laws of Texas, Vernon's Ann.Civ.St. Arts. 4820 et seq., and under the laws and by-laws of the Society, and that payment by the Society to Futch was not a discharge of its obligation to plaintiffs, as the wife and children of the deceased. Futch was not made a party to the suit.

Defendant Society answered, (1) that Futch had an insurable interest in the life of the deceased, in that deceased was indebted to Futch in an amount exceeding the face of the policy, and (2) that under the above-mentioned statute and the laws and by-laws of the Society, the insured had the right to apply for and procure a policy of insurance on his life and name any person he saw fit as beneficiary thereunder, whether such named beneficiary had an insurable interest in his life or not.

In response to issues, the jury found that deceased was not indebted to Futch at the time of his death. The testimony upon this point was highly conflicting, but there is substantial testimony to support the jury verdict.

At the close of taking testimony, defendant moved for an instructed verdict, which was denied by the court. After the verdict was returned, plaintiff moved for judgment on the verdict and defendant moved for judgment notwithstanding the verdict. The former was overruled and the latter sustained.

In view of the jury finding upon competent testimony that deceased was not indebted to Futch (the named beneficiary) at the time of his death, meaning that Futch had no insurable interest in the life of deceased, it is obvious that the court's action in sustaining the motion of the Society for judgment notwithstanding the verdict was based upon the second contention of the defendant, to the effect that deceased had a right under the statutes, laws and by-laws of the Society to name anyone he saw fit as beneficiary in his life insurance certificate.

Plaintiff's appeal is based upon four points of error, in substance, being: (1) Because the court held Futch, the named beneficiary, was entitled to receive the proceeds of the certificate and denied a recovery to plaintiff as the wife and sole representative of insured's children; (2) because the judgment entered had the effect to appropriate the proceeds of the life insurance to the discharge of an alleged debt or liability of deceased, in violation of Article 4847, R.C.S.; (3) and (4) assert error in the admission of testimony by Futch and refusal to admit testimony of plaintiff under provisions of Article 3716, R.C.S.

We think a disposition of the first point settles this appeal. It is undisputed that

the application for the certificate and the certificate itself name Futch as beneficiary. The defendant has paid to Futch the full amount of the policy. Much of the record in this case is made up of the controversy as to whether or not Futch was a creditor of deceased. The jury found as a fact that he was not; it is contended by plaintiff that upon this finding of fact the court should have entered judgment for her. If it be true that a member holding a certificate in a fraternal benefit society, such as the defendant in this case, can name any person of his choice as beneficiary, then it becomes immaterial whether the named beneficiary is a creditor of deceased or has an insurable interest in his life. This identical question has recently been decided by our Supreme Court adversely to plaintiff's contention, in Castillo v. Canales, 174 S.W.2d 251.

■ In the cited case a very able and painstaking discussion is given by the court, of all applicable statutes, as well also the provisions of the constitution, laws and by-laws of the Society. The constitution, laws and by-laws discussed are identical with those before us. Both in the cited case and the instant one, they became a part of the insurance contract. Nothing we can say here can or should add to or take from the very definite rules laid down by the Supreme Court. In the cited case, the majority opinion holds that the insured could choose his own beneficiary and that when this was done (as was done in the case before us) such beneficiary could collect the amount of the policy as against the claims of the blood relatives of the insured. Under authority of the Castillo v. Canales case, supra, the first point of error is overruled.

■ There is no merit in the second point, in which it is urged that to permit the named beneficiary to collect the policy is to violate the provisions of Article 4847, R.C.S. This statute inhibits the seizure by or appropriation through any process of law, all beneficial funds under such certificates as the one here involved, by creditors for payment of debts or other legal or equitable liabilities of the insured. In the first place, under the jury verdict there was no debt owing by the deceased to Futch, the beneficiary, and payment to him

by the Society did not amount to a seizure or appropriation of the fund to the debts of the insured; in the second place, the payment of the proceeds to Futch was no more than the performance of a contract entered into by the Society and the insured. Such contract was not invalid under authority of the Castillo v. Canales case, supra, but was one enforceable by Futch.

■ Third point complains of the exclusion of testimony of plaintiff, wherein she offered to testify concerning payment by her husband of all indebtednesses to Futch. Fourth point asserts error in admitting in evidence the testimony of Futch to the effect that deceased was indebted to him. The witness detailed many transactions had with deceased in his lifetime. It is contended by plaintiff that her proffered testimony was not in violation of the provisions of Article 3716, R.C.S., and that the admitted testimony of Futch, although he was not a party to the suit, was violative of that statute. As we view this record, it becomes unnecessary for us to determine whether or not there was error in excluding the testimony of plaintiff or in the admission of the testimony of Futch. She sought to prove by her own testimony that her husband did not owe Futch anything, and Futch testified (over her objections) that deceased was indebted to him. Without the benefit of plaintiff's excluded testimony and in spite of Futch's testimony to the contrary, the jury found upon competent evidence that deceased was not indebted to Futch. We can see no possible harm to plaintiff's rights in the rulings complained of under these two points; the policy was payable to Futch and in cases like this, involving certificates of insurance issued by a fraternal benefit society to its members, under such provisions as are found here in its constitution, laws and by-laws, the payment by the Society to the named beneficiary satisfied the obligation and plaintiff could not recover and require the Society to pay again. As above indicated, it became immaterial whether Futch was a creditor or not and no reversible error is presented in the points raised.

Finding no error in the record requiring a reversal, the judgment of the trial court should be and is hereby affirmed.