Lorae B. HENRY, Appellant,

v.

LINCOLN INCOME LIFE INSURANCE COMPANY, Appellee.

No. 16738.

Court of Civil Appeals of Texas.

Fort Worth.

June 3, 1966.

Rehearing Denied July 1, 1966.

Elvin E. Tackett, Fort Worth, for appellant.

W. A. Hawkins, Fort Worth, for appellee.

RENFRO, Justice.

Suit was brought by Lorae B. Henry against Lincoln Income Life Insurance Company to recover proceeds of an insurance contract on the life of her nephew Charlie C. Brown.

Judgment was rendered for defendant. Plaintiff appealed.

Defendant's superintendent Wilson, and Holt, a soliciting agent, called upon plaintiff June 19, 1964, and learned that plaintiff wanted to procure a policy of insurance upon her nephew Brown because Brown was indebted to her for loans previously made by her to Brown. The agents assured her she could secure such insurance, whereupon she filled out an application. Detached from the application and left with her was a receipt dated June 19, 1964, which provided:

"THE PAYMENT ACKNOWLEDGED BY THIS RECEIPT IS MADE AND RECEIVED SUBJECT TO THE FOLLOWING CONDITIONS:

"(A) 1. If the medical examinations, if any, required by the Company are completed; and

"2. If the Company at its Home Office is satisfied that at the time of completing both Part I and Part II of the application the Proposed Insured was insurable under the Company's rules for a policy on the plan, in the amount, at the class of risk and otherwise exactly as applied for in Part I of the application with the same number as this receipt; said receipt being in the amount at least equal to the first full premium.

"then, but only after such conditions are met, the insurance will be effective from the date of Part I, the date of Part II, or the date specifically requested in the application, whichever is the latest, regardless of death or change of insurability of the Proposed Insured occurring after completion of both parts of the application."

Brown died July 3, 1964. No policy had been issued.

It is undisputed that no medical examination was required and it is undisputed that Brown was insurable as of the date of the application and that the "home office" knew Brown was insurable.

After Brown's death plaintiff made claim under her contract as shown in the receipt and heretofore set out.

Defendant denied liability on the sole ground that plaintiff had no insurable interest in Brown's life.

Plaintiff made out a case for recovery on the contract under the holdings in United Founders Life Insurance Co. v. Carey, 363 S.W.2d 236 (Sup., 1962), and Great Southwest Life Insurance Co. v. Henson, 401 S.W.2d 89 (El Paso Civ.App., 1966).

The trial court rendered judgment for defendant on the ground that Brown did not sign the application for insurance.

The same contentions as here made were made by the insurance company in First Texas Prudential Insurance Co. v. Pipes, 56 S.W.2d 203 (El Paso Civ.App., 1932, dism.), and American Casualty & Life Co. v. Chambers, 172 S.W.2d 122 (Fort Worth Civ.App., 1943, dism.), and in both instances were overruled. This court said in the Chambers case: "The insurer had in its possession the application executed as the facts now show it to have been and it will not now be heard to say that the contract is void because of the manner in which the application was signed."

■ In the instant case plaintiff made full disclosure of her reason for wanting the policy (the application showed that Brown was plaintiff's nephew and the proposed policy was to secure a loan). She offered to go to Brown's home to secure his signature but defendant's agents assured her that would not be necessary, that the policy would be issued and would be in effect immediately.

Under similar circumstances the court in the Pipes case held that under the provisions of Art. 5056, R.C.S. (now Art. 21.02, Insurance Code, V.A.T.S.) the defense that insured did not sign the application would not defeat recovery.

Under the undisputed facts in this case the fact that Brown did not sign the application is not a defense to plaintiff's suit.

■ Neither was the defense of no insurable interest available to defendant. The contract with plaintiff made no provision requiring insurable interest. It is not against public policy for a person with no insurable interest to be named beneficiary. V.A.T.S., Insurance Code, Art. 3.49–1, § 4; Art. 3.49.

■ On appeal defendant contends there was no enforceable contract between plaintiff and defendant because a full year's premium was not paid at the time the application was signed.

The application shows "amount of premium paid with this application, $2.57." The receipt acknowledged the receipt of $2.57. It was signed by an agent of the Company. The receipt recited that it, the receipt, was to be used only "if payment is made at the time the application is signed." The money was received by the defendant.

It is undisputed the payment was made at the time the application was signed. Plaintiff paid all that she was required by defendant's agents to pay for temporary insurance and was assured by them the insurance was in effect "as of now."

As stated previously, defendant did not decline to issue a policy because of failure of Brown to sign the application but denied solely because of its claim plaintiff had no insurable interest.

The binding receipt itself evidences the authority of the agent to detach and deliver the same upon the condition that "payment is made at the time the application is signed."

We hold that the terms of the receipt were met, and that plaintiff discharged her burden of proof to show the temporary insurance was in force and effect at the time of Brown's death.

Judgment of the trial court is reversed to the extent plaintiff was denied any re-. covery, and judgment here rendered that plaintiff have judgment against defendant for the sum of $1,000, the amount contracted for as temporary insurance.

That part of the judgment denying plaintiff recovery of penalty and attorney's fee is affirmed. United Founders Life Insurance Co. v. Carey, 363 S.W.2d 236 (Sup., 1962); Colorado Life Co. v. Teague, 117 S.W.2d 849 (Eastland Civ.App., 1938, dism.).

Affirmed in part; reversed and rendered in part as indicated.