UNITED BENEFIT LIFE INSURANCE COMPANY OF OMAHA, Appellant,

v.

Donald J. BOYD, Appellee.

No. 6097.

Court of Civil Appeals of Texas, El Paso.

April 1, 1970.

Rehearing Denied May 6, 1970.
Writ Refused July 29, 1970.

Turpin, Smith, Dyer, Hardie & Harman, Midland, Max N. Osborn, Midland, Law-

rence L. Fuller, Odessa, of counsel, for appellant.

Burnett & Childs, Jerry P. Childs, Haskell H. Shelton, Jr., Wm. (Ruff) Ahders, Richard J. Clarkson and Bob Hoblit, Odessa, for appellee.

OPINION

WARD, Justice.

This is an appeal from a summary judgment awarding the appellee the sum of $5,000.00 as beneficiary under a life insurance policy issued on the life of a minor. This case principally concerns an interpretation of Article 3.49–1 and Article 3.49–2 of the Texas Insurance Code, V.A.T.S., as viewed against the background of the history of our law on insurance. We fail to agree with the contentions of either party, and reverse and remand the case to the trial court.

The facts are that the appellee became a friend of Randall D. Jarrell when Randall was about twelve years of age. Beginning when Randall was about fifteen years of age, he became involved in a series of misunderstandings with his family and during which time he would move in with the appellee and stay at his home. He moved in and out at intermittent periods for about three years, the last time staying with the appellee for a period of ten months to a year. The appellee provided him with this shelter, and also financial support, as Randall's parents had, for all intents and purposes, abandoned him and he could no longer look to them for support. On July 28, 1965, when Randall was eighteen years of age and single, he made application for a $5,000.00 whole life policy with the appellant insurance company. At this time Randall had joined the United States Marines. In the application of Randall D. Jarrell for the insurance, he named as his beneficiary the appellee, Donald J. Boyd, and in the application stated that Randall's relationship to the appellee was that of "friend". Randall paid the first premium

and the policy was later issued. It was established that the appellee and Randall were in no way related and the insurance company not only knew that appellee's relationship with Randall was that of a friend, but discussed and held the application in its Midland office for over a month before deciding to go ahead and issue the policy. No parent or other blood relative signed the application form for the policy. Randall continued to pay the premiums until he lost his life in Viet Nam in December, 1966, without ever attempting to rescind, avoid or repudiate the contract, and with the appellee still as the designated beneficiary. In July, 1967 the appellant insurance company paid the face amount of the policy to the deceased's mother, who had duly qualified as administratrix of his estate. The present suit was filed in February, 1968. The appellant first filed its motion for summary judgment, which was denied by the trial court, and then the appellee filed his present motion for summary judgment which, as stated, was granted. At appellant's request, the trial court filed findings of fact fairly tracking the facts as above stated, and concluded that the insurance company had not sought to write the insurance policy in compliance with Article 3.49–2 of the Insurance Code, and therefore the appellee was entitled to recover on the policy.

It is the appellant's contention that, as the legislature has the power to declare what shall be the policy of the state with reference to insurance matters, as well as its inherent control of the welfare of minors, the legislature has now declared the policy of this state by virtue of Article 3.-49–2, and a minor may now contract for a policy of life insurance on his own life provided only his estate, father, mother, spouse, child, brother, sister, grandfather, or grandmother shall be the beneficiary or beneficiaries of any such policy. It is not a question of appellee's having an insurable interest in the life of the deceased, but, as the appellee did not fall within the class of persons permitted to be named as a beneficiary by a minor, that he is not entitled to recover the proceeds of the policy.

Appellee's position is that the general law has never prohibited a minor from contracting for insurance, but under the general policy of the law, the minor could at any time rescind, avoid or repudiate the insurance contract; that to enable a minor to make a binding contract of insurance, Article 3.49–2 was enacted with provisions that certain safeguards be followed, as well as that only certain limited beneficiaries be permitted; that, since neither the deceased nor the appellant elected to follow the statute, the statutory provisions are not applicable, and since the minor did not choose to rescind, avoid or repudiate the insurance contract during his lifetime, the appellant cannot now complain. It is appellee's further position that the only question that can be asked is whether or not it was against public policy for a person with no insurable interest to be named a beneficiary, and that this question has been settled by the following quoted language in the case of Henry v. Lincoln Income Life Insurance Company, 405 S.W.2d 167 (Tex.Civ.App., Ft. Worth 1966, n.w.h.):

> "Neither was the defense of no insurable interest available to defendant. The contract with plaintiff made no provision requiring insurable interest. It is not against public policy for a person with no insurable interest to be named beneficiary. V.A.T.S., Insurance Code, Art. 3.49–1, § 4; Art. 3.49."

We wish specifically to point out that we are not approving the language in that case as applied to the facts before that court, as we fail to see where the Act changed the law governing the issuance of a policy to one person covering the life of another.

The question which we raise is whether or not the law, as it existed prior to the enactment of Art. 3.49–1, is still in effect in so far as it concerns an insurable interest still being required where a minor takes out a policy on his own life, is actually the

bona fide owner of the policy on his own life, with the policy being payable to someone else. The Texas Supreme Court, in the case of McCain v. Yost, 155 Tex. 174, 284 S.W.2d 898 (1955) refused to answer the question of whether the public policy of the state had been changed after the passage of Art. 3.49–1 regarding the established prior law that it was contrary to public policy to permit a beneficiary, who had no insurable interest, to recover on an insurance policy. Possibly the public policy has changed and no insurable interest is now required where an adult person takes out a policy on his own life. However, the question of the insured's minority has not yet been raised in any Texas case.

■ Article 3.49–1, by its own terms, is limited to any person of legal age. Prior to the passage of that legislation in 1953, Texas stood alone in requiring an insurable interest in a beneficiary of a life insurance policy even where the insured himself applied for the policy on his own life, was the owner of the policy, and paid the premiums. Wilke v. Finn, 39 S.W.2d 836 (Tex.Com.App.1931). Before the legislature exercised its power, the phrase "insurable interest" had been defined in terms of the relation of the beneficiary to the insured. Only three classes of persons were held to have an insurable interest in the life of another: (1) persons closely related by blood or affinity; (2) creditors; and (3) persons having a reason to expect pecuniary benefit or economic advantage from the continued life of another. Drane v. Jefferson Standard Life Ins. Co., 139 Tex. 101, 161 S.W.2d 1057 (1942). The legislature, in 1931, did relax the rule and did abolish the requirement of "insurable interest" to fraternal benefit policies so long as the rules of the society permitted. Art. 1012, Insurance Code, then Article 4831. See Castillo v. Canales, 141 Tex. 479, 174 S.W.2d 251 (1943). That statute, as carried forward in the Insurance Code, uses the following language:

"*Any person* may be admitted to beneficial, or general, or social membership in any society in such manner and upon such showing of eligibility as the laws of the society may provide, and any *beneficial member may direct any benefit to be paid* to such person or persons, entity, or interest as may be permitted by the laws of the society * * *." (Emphasis ours.)

Article 3.49–1 was not in these terms and by its language did not abolish the "insurable interest" requirement altogether. It only confers the necessary "insurable interest" upon any person designated by the insured as a beneficiary or assignee. See 32 Texas Law Review 346. But most important, this statute uses the terms "any person of legal age" and applies only to legal reserve or mutual assessment life insurance companies. The statute does not use the term "any person" such as the legislature used in Article 10.12, and the insurable interest requirement is still haunting one not of legal age. The result is that the statute has done nothing for one not of legal age. As stated in the Castillo case, supra, when it discussed the fraternal benefit statute:

"Prior to the amendment of 1931 the 'law' of Texas prohibited all persons from being beneficiaries under life insurance policies, unless such beneficiary had an 'insurable interest.' This is still the 'law' in Texas, except as it applies to fraternal benefit societies."

This is still the "law" in Texas to one not of legal age.

■ However, we do agree with the appellee's contention that the purpose of Art. 3.49–2 was to enable a minor not less than 14 years of age to contract or acquire policies of life, term or endowment insurance or annuity contracts as though of full legal age, by following the statute, and by so doing he might not rescind, avoid or repudiate the contract. The legislature, in imposing this restriction on the minor, then set up certain safeguards that it would have to be with the consent of specified adults and payable only to certain named relations. The act applies only to policies and contracts issued by a stock or mutual

**336**

legal reserve life insurance company. Further, the act provides that the father or mother of any such minor may give written notice to the insurer that they or either of them elect that the act shall not apply to a specified minor, in which event the provisions of such act do not apply to any transaction by or with the minor occurring after the receipt by the insurer of such notice. Thereafter, surely the minor has his rights due him by his minority. It is not against public policy for a minor to contract for insurance. The fact that an insurance company, which knowingly enters into a contractual relationship which is at odds with that which is contained in Article 3.49–2, could not use this as a basis for avoiding its obligations when the policy matures is pointedly made in sub-paragraph (e) of the statute: "Nothing contained in this Act shall be deemed to alter, amend or modify any provision of any policy or contract." Since the deceased, Randall D. Jarrell, sought at no time during his life to invoke the terms of the Act so as to rescind his contract with the beneficiary, then that statute in fact plays no part in this case. This is not meant as criticism of this appellant, which has already, in good faith, paid the amount of the policy to the estate.

We feel we should remand this case to the trial court, as the matter of insurable interest on appellee's part has not been fully developed. We realize what we are saying provides for an inconsistency in the law, but until the Supreme Court states that the "insurable interest" requirement under the facts as presented no longer exists, we feel we are compelled to so rule. Randall D. Jarrell, as a member of the armed forces of the United States, might well have accomplished his object of benefiting his friend by making his estate the beneficiary, and then, by will, leaving his estate to his friend. Article 57, Probate Code, V.A.T.S.

The judgment of the trial court is reversed and the cause remanded for trial.

FRASER, C. J., not participating.