**Helen KENNEDY, Appellant,**

**v.**

**Beola Craft LAIRD, Appellee.**

**No. 16222.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Nov. 23, 1973.

Rehearing Denied Dec. 20, 1973.

W. C. Shead, Houston, for appellant.

Anthony F. Loria, Houston, for appellee.

PEDEN, Justice.

Appeal from a summary judgment granted to designated beneficiary of death benefit payable under union pension plan. Appellant is a daughter of the decedent, and appellee was divorced from the decedent before his death.

The summary judgment proof includes an affidavit of the custodian of the records and administrator of the welfare and pension plans of the Joint Board of Trustees of the Carpenters District Council of Houston and Vicinity Welfare and Pension Trust Fund. The affidavit identified an attached photocopy of a card whereby Mr.

Odis J. Harrison had designated the appellee as his beneficiary; it related that Mr. Harrison had filed the card in the records of the affiant's company on or about December 17, 1968 and that no other Designation of Beneficiary card had ever been filed.

The Trustees filed a verified answer attaching a copy of their Houston Carpenters Pension Plan. It provides that a death benefit shall be paid to the beneficiary or beneficiaries designated by an employee (or, if such designation was not made or is ineffective, to the surviving spouse of the employee, or, if no spouse survives, to the surviving child . . .). The Trustees' pleading recited the conflicting claims to the proceeds of Mr. Harrison's death benefits, tendered the funds to the court and prayed for costs and an attorney's fee. The trial court ordered the Trustees' claim for relief severed and granted appellee's motion for summary judgment.

■ Appellant's principal point of error is that the trial court "erred in rendering a summary judgment that was contrary to law and public policy concerning the rights of an ex-wife in mutual benefit society benefits where the deceased spouse neglected to change the beneficiary card after the divorce."

We overrule this point. Appellant argues that public policy long dictated that a divorced former wife had no insurable interest in her former husband and that since the enactment of Article 3.49–1 of the Texas Insurance Code, V.A.T.S., which eliminated the insurable interest requirement, applies only to insurance policies in legal reserve or mutual assessment life insurance companies, the public policy remains in effect as to other types of coverage.

Appellant also points out that Article 69 of the Texas Probate Code, V.A.T.S. provides:

"If the testator is divorced after making a will, all provisions in the will in favor of the testator's spouse so divorced, . . . . shall be null and void and of no effect."

Appellant argues that the legislature has thus recognized the propriety of the public policy she urges us to follow and has made it statutory law as applied to wills and testamentary documents.

We do not agree with appellant's position. The contract in question is not an insurance contract, it is a death benefit provided for in a union contract, and the appellee is a donee beneficiary under that contract.

Prior to the enactment of Art. 3.49–1 of the Insurance Code, Texas was the only state which did not allow an insured who took out a policy on his own life to name any beneficiary he chose. By this statutory change Texas has attempted to bring its beneficial interest laws at least partially in line with those of the other states. Our public policy against the issuance of insurance in favor of beneficiaries having no insurable interest was based on two considerations: temptation to take the life of the insured and the view that such policies have the aspect of a wager. Art. 21.23 now provides that a beneficiary who participates in bringing about the death of the insured shall forfeit any interest in the death of the insured. And the second consideration had less validity than might appear at a cursory examination unless one has information as to the health of the insured. Note, 7 Baylor Law Review 370 (1955).

Even under the public policy in effect prior to the enactment of Art. 3.49–1, we think the considerations supporting it had little, if any, application to the designation of a beneficiary of death benefits by a union member.

Sec. 4 of Art. 3.49–1 provides "This Act shall be liberally construed to effectuate its purposes, and its provisions are not to be limited or restricted by previous declarations or holdings of the Courts of Texas defining the term insurable interest.

With reference to the appellant's citing of Art. 69 of the Probate Code, it was held in Buehler v. Buehler, 323 S.W.2d 67 (Tex.Civ.App.1959, writ ref., n. r. e.), that the designated beneficiary of an employee's death benefits was entitled to receive them in entirety because they were not testamentary in nature.

We also note that Art. 10.12 of the Insurance Code provides:

"Any person may be admitted to beneficial, or general, or social membership in any society in such manner and upon such showing of eligibility as the laws of the society may provide, and any beneficial member may direct any benefit to be paid to such person or persons, entity, or interest as may be permitted by the laws of the society; provided, that no beneficiary shall have or obtain any vested interest in the said benefit until the same has become due and payable in conformity with the provisions of the contract of membership, and the member shall have full right to change his beneficiary, or beneficiaries, in accordance with the laws, rules, and regulations of the society. . ."

This article is based in part on former Art. 4831, R.S.1925.

Ten years prior to the enactment of Art. 3.49–1 our Supreme Court, referring to Art. 4831, stated in Castillo v. Canales, 141 Tex. 479, 174 S.W.2d 251 (1943):

"Prior to the adoption of the statute above referred to regulating fraternal benefit societies, it was the public policy or 'law' of this State, with few exceptions, that no one could be named as a beneficiary in a life insurance policy who did not have an insurable interest in the life of the insured. As previously stated, the Legislature had the right to change this public policy. By the statute above referred to that public policy was changed so that it then became the 'law' of this State that a member of a fraternal benefit society, with the consent of the society, as evidenced by its laws could name as beneficiary in a life insurance policy whomsoever he pleased, and regardless of whether the named beneficiary had an insurable interest in the life of the insured."

We have not found that there was ever a law or a public policy in this state that would have prevented a designated beneficiary of a union pension plan who had no insurable interest in the life of the decedent at the time of his death from collecting death benefits payable under that plan.

"Where the plan permits the employee to designate a beneficiary, the right of the designated beneficiary of a deceased employee who had participated in a private pension or retirement plan to take such benefits as are provided by the terms of the plan, in the event of the death of the participating employee, has usually been recognized. Furthermore, it is generally held that divorce does not, of itself, terminate the right of a wife designated as beneficiary to receive payment of benefits from a pension or retirement fund on the death of her divorced husband prior to his retirement from employment." 60 Am.Jur.2d 957, Pensions and Retirement Funds § 80.

Appellant's other point of error is:

"The court erred in rendering a Summary Judgment in this case when there were material issues of fact in dispute between the parties."

In her argument under this point the appellant repeated the principle of law stated in her point of error and cited two cases supporting it but did not suggest which fact issues she contends were in dispute. We hold that this point of error and the argument presented under it are too general to merit consideration on appeal. They merely set forth abstract statements of legal principles and do not substantially comply with Rule 418, Texas Rules of Civil Procedure. In fact, we have also examined the appellant's preliminary statement

of the nature of the case and find that it does not direct our attention to any material fact issues in dispute. Nor do we find any motion for new trial to which we might look for some indication of claimed fact issues, as the court did in Jones v. Hunt Oil Co., 456 S.W.2d 506 (Tex.Civ. App.1970, writ ref., n. r. e.). The point is too general to comply with Rule 418 since it does not direct our attention to any error relied on. Lopez v. Columbus Quarter Horse Assn., 409 S.W.2d 478 (Tex.Civ. App.1966, writ ref., n. r. e.).

Affirmed.