

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

April 24, 2017

The Honorable James Hicks
Taylor County Criminal District Attorney
300 Oak Street, Suite 300
Abilene, Texas 79602-1577

Opinion No. KP-0145

Re: When a search warrant affidavit becomes executed and thus publicly available under Code of Criminal Procedure article 18.01(b) (RQ-0138-KP)

Dear Mr. Hicks:

You ask when Texas law requires that a search warrant affidavit become public information under Code of Criminal Procedure article 18.01(b).[1] Chapter 18 of the Code of Criminal Procedure establishes the search warrant process. *See* TEX. CODE CRIM. PROC. arts. 18.01–.24. Magistrates may not issue search warrants unless the applicant for the warrant presents sufficient facts to satisfy the issuing magistrate that probable cause exists for its issuance. *Id.* art. 18.01(b). When requesting a search warrant, the applicant must file a "sworn affidavit setting forth substantial facts establishing probable cause." *Id.* Upon concluding that probable cause exists, a magistrate issues a search warrant directing peace officers generally "to search for any property or thing and to seize the same and bring it before [the] magistrate." *Id.* art. 18.01(a); *see also id.* art. 18.02 (listing the specific items for which a search warrant may be issued). A peace officer receiving a search warrant "shall execute the warrant without delay and forthwith return the warrant to the proper magistrate." *Id.* art. 18.06(a). A search warrant generally must be executed within three days from the time of its issuance. *Id.*

Relevant to your request, Texas law makes public most search warrant affidavits. Article 18.01(b) provides, in relevant part:

> Except as provided by Article 18.011, the affidavit is public information if executed, and the magistrate's clerk shall make a copy of the affidavit available for public inspection in the clerk's office during normal business hours.

*Id.* art. 18.01(b). You ask whether a search warrant affidavit is "executed" and thus public information for purposes of this subsection when the affidavit is signed and sworn to before the magistrate or when a peace officer executes the search warrant. Request Letter at 1. Your office

---

[1]Letter from Honorable James Hicks, Crim. Dist. Att'y, Taylor Cty., to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Oct. 24, 2016), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

takes the position that the affidavit becomes public if and when a peace officer executes the search warrant. *Id.* at 2. You explain, however, that several district court judges "are concerned that 'execution' in this context refers to when the affidavit is signed and sworn to." *Id.*

In construing a statute, our primary objective is "to give effect to the Legislature's intent, which requires us to first look to the statute's plain language." *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509 (Tex. 2015). If that language is unambiguous, we interpret the statute according to its plain meaning. *Leland v. Brandal*, 257 S.W.3d 204, 206 (Tex. 2008). The plain language of article 18.01(b) provides that "the *affidavit* is public information if executed." TEX. CODE CRIM. PROC. art. 18.01(b) (emphasis added). It does not provide that the affidavit is public information if *the search warrant* is executed. *Cf. id.* art. 18.011(b) ("An order sealing an affidavit under this section expires on the 31st day after the date on which *the search warrant for which the affidavit was presented is executed*." (emphasis added)). In construing statutes, courts do not read into an act a provision that is not there except to give clear effect to legislative intent. *In re Bell*, 91 S.W.3d 784, 790 (Tex. 2002). Thus, the express language of article 18.01(b) requires that the affidavit becomes public information upon execution of the affidavit itself.

As the Texas Supreme Court recognized, the term "'execute' has several definitions." *Mid-Continent Cas. Co. v. Global Enercom Mgmt., Inc.*, 323 S.W.3d 151, 157 (Tex. 2010). Common understandings of the term "execute" include "[t]o perform or complete (a contract or duty)," "[t]o change (as a legal interest) from one form to another," and "[t]o make (a legal document) valid by signing; to bring (a legal document) into its final, legally enforceable form." BLACK'S LAW DICTIONARY 689 (10th ed. 2014). Determining the meaning of the term "execute" in a specific statute will depend on its context. Generally, executing a search warrant contemplates carrying out the search according to the terms of the warrant. *See* TEX. CODE CRIM. PROC. art 18.06(a) (describing the process for execution of warrants). Unlike a search warrant, which involves the performance of a specific duty, an affidavit is simply a "declaration of facts written down and sworn to by a declarant." BLACK'S LAW DICTIONARY 68 (10th ed. 2014). Executing an affidavit can therefore only mean bringing the affidavit into its final, legally enforceable form, such as by swearing to the statements therein and, to the extent required, filing it with the appropriate court or clerk. *See Liverman v. State*, 470 S.W.3d 831, 838 (Tex. Crim. App. 2015) (concluding that a mechanic's lien affidavit is executed when filed with the county clerk). Given courts' adherence to the text chosen by the Legislature, a court would likely conclude that a search warrant affidavit becomes executed, and thus public information under article 18.01(b), when sworn to and filed with the court.[2] *See* TEX. CODE CRIM. PROC. art. 18.01(b) (requiring a sworn affidavit to be filed in every instance when a search warrant is requested); *see also Smith v. State*, 207 S.W.3d 787, 793–94 (Tex. Crim. App. 2006) (concluding that the act of swearing is the essential element in

---

[2]On two separate occasions, one Texas court analyzing article 18.01(b) described the statute to mean: "Affidavits accompanying search warrants, if executed, are public information." *Houston Chronicle Publ'g Co. v. Woods*, 949 S.W.2d 492, 499 (Tex. App.—Beaumont 1997, orig. proceeding); *see also Houston Chronicle Publ'g Co. v. Edwards*, 956 S.W.2d 813, 816–17 (Tex. App.—Beaumont 1997, orig. proceeding). The court's description of the law could be read to imply that an affidavit accompanying an unexecuted search warrant is not public information. However, in each of those cases, the search warrant at issue had already been executed, so your specific question was not before the court. *Woods*, 949 S.W.2d at 493; *Edwards*, 956 S.W.2d at 814. We cannot assume that the court would reach the same decision when faced with different facts involving a search warrant affidavit accompanying an unexecuted search warrant.

creating an affidavit, and finding an unsigned affidavit valid where the affiant personally swore to the statements in the affidavit).

You raise the concern that making a search warrant affidavit public before a peace officer executes the search warrant "would allow criminals to receive forewarning that a search warrant had been issued and was imminent." Request Letter at 2. However, the Legislature, through article 18.011(a), created a mechanism to prevent many of those subject to a search warrant from being forewarned of an impending search by a public affidavit. Article 18.011 allows for the sealing of an affidavit before a peace officer executes the search warrant in certain circumstances: "An attorney representing the state in the prosecution of felonies may request a district judge or the judge of an appellate court to seal an affidavit presented under Article 18.01(b)." TEX. CODE CRIM. PROC. art. 18.011(a). For a judge to seal a search warrant affidavit, the attorney must establish:

(1) public disclosure of the affidavit would jeopardize the safety of a victim, witness, or confidential informant or cause the destruction of evidence; or

(2) the affidavit contains information obtained from a court-ordered wiretap that has not expired at the time the attorney representing the state requests the sealing of the affidavit.

*Id.*

We recognize legitimate policy reasons exist for making all search warrant affidavits public only after a peace officer executes the underlying search warrant. However, we cannot disregard plain statutory language based on our notions of what may constitute good policy. *See Tijerina v. City of Tyler*, 846 S.W.2d 825, 828 (Tex. 1992) ("While we may permissibly consider public policy in construing the intent of the Legislature from an ambiguous provision, we cannot rewrite or . . . deconstruct a plainly worded statute because we believe it does not effectuate sound policy."). We also acknowledge the possibility that, although the Legislature used the words "the affidavit is public information if executed," it may have meant the affidavit is public information if the search warrant for which the affidavit was presented is executed.[3] TEX. CODE CRIM. PROC. art. 18.01(b). "It is at least theoretically possible that legislators—like judges or anyone else—may make a mistake." *Brown v. De La Cruz*, 156 S.W.3d 560, 566 (Tex. 2004). However, courts are not

---

[3]Statements made by the author of the bill that enacted the language suggest the author intended for the search warrant affidavit to become public when the warrant was executed. The original version of that bill stated only that "[t]he affidavit is public information." Tex. H.B. 2153, 67th Leg., R.S. (1981) (Introduced Version). Explaining the substitute bill that contained the current language of the statute, the bill's author stated in relevant part:

What I've done is require that, first of all, the affidavit, required that the affidavit for the search warrant be public. And what I did is I changed that to require that the affidavit be public information if the warrant was executed. So, if you have an affidavit for a search warrant that never was acted on, then it wouldn't be a public record.

Hearings on Tex. H.B. 2153 Before the House Comm. on Crim. Juris., 67th Leg., R.S. (Apr. 15, 1981).

empowered to fix a mistake by disregarding direct and clear statutory language that does not create an absurdity. *Id.* Courts "refrain from rewriting text that lawmakers chose." *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 443 (Tex. 2009). Enforcing a law as written is the court's "safest refuge in matters of statutory construction," and a court would likely do so in construing article 18.01(b). *Id.*

If the Legislature did not intend for search warrant affidavits to become public until a peace officer executes the warrant, it may revise the statute to that effect. A bill currently pending before the Legislature would amend article 18.01(b) to provide that the affidavit becomes public information when the search warrant for which the affidavit was presented is executed. *See* Tex. H.B. 3237, 85th Leg., R.S. (2017).

## S U M M A R Y

A court construing the plain language of article 18.01(b) of the Code of Criminal Procedure would likely conclude that a search warrant affidavit becomes public information when sworn to and filed with the court.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee